[Cite as *Vakilian v. Malek*, 2014-Ohio-3098.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| MARYAM VAKILIAN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| MOJI MALEK | : | Case No. 14 CAE 01 0008 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Court of Common
                                     Pleas, Case No. 12 CV H 06 0626



JUDGMENT:                            Affirmed/Reversed in Part



DATE OF JUDGMENT:                    July 14, 2014



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DAVID WATKINS                         RONALD L. SOLOVE
14 East Rich Street                   KERRY L. McCORMICK
3rd Floor                             K. KELLY KREMER
Columbus, OH  43215                   79 Thurman Avenue
                                      Columbus, OH  43206

*Farmer, J.*

{¶1}  In 2011, appellant, Moji Malek, and appellee, Maryam Vakilian, were divorced in Costa Rica.  Pursuant to a settlement agreement between the parties, they divided their property and appellant was to pay appellee various amounts for investment shares and spousal support.  Appellant did not make the required payments.

{¶2}  On June 1, 2012, appellee filed a verified complaint against appellant, claiming breach of contract, conversion, promissory estoppel, unjust enrichment, and contempt.  On November 9, 2012, appellee filed a motion for default judgment based on appellant's failure to plead or otherwise defend.  By judgment entry filed March 21, 2013, the trial court granted the motion, ordered appellant to pay appellee a total of $235,423.00, and found appellant in contempt and ordered him to pay a $250.00 fine and serve thirty days in jail.  A nunc pro tunc judgment entry was filed on April 22, 2013 to include personal identifiers.

{¶3}  On August 30, 2013, appellant filed a Civ.R. 60(B) motion for relief from judgment, claiming the trial court never had jurisdiction over him as he could not be served outside the United States and was never properly served with the verified complaint.  By entry filed January 3, 2014, the trial court denied the motion, finding it had jurisdiction over appellant pursuant to the settlement agreement, he was properly served, and the motion was untimely made.

{¶4}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED IN ITS DETERMINATION THAT IT HAD PERSONAL JURISDICTION OVER DEFENDANT-APPELLANT."

II

{¶6}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS DETERMINATION THAT DEFENDANT-APPELLANT'S MOTION FOR RELIEF PURSUANT TO OHIO CIVIL RULE 60(B) WAS NOT FILED WITHIN A REASONABLE TIME."

I, II

{¶7}   Appellant claims the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment as the trial court lacked personal jurisdiction over him and his motion was timely filed.  We agree in part.

{¶8}   A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion.  *Griffey v. Rajan,* 33 Ohio St.3d 75 (1987).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).  In *GTE Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the

grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶9} On the issue of timeliness, the trial court found in its January 3, 2014 entry that although less than a year had passed from the filing of the nunc pro tunc judgment entry, appellant had disregarded its orders:

The Plaintiff argues that the Defendant's Motion for Relief from Judgment was not made in a reasonable time, as required by Civ. R. 60(B). The Court agrees. The Defendant was properly served with the complaint and all of the Plaintiff's motions. Despite having notice of the proceedings in this case, the Defendant waited until after judgment had been rendered against him and after he had been found in contempt of Court and ordered to jail to engage counsel to represent him. The Defendant has provided the Court with no reason for his failure to timely seek relief from judgment. "In the absence of any justification for the delay in filing a 60(B) motion, the motion to vacate should be denied." *Household Realty Corp. v. Cipperley,* 7th Dist. Mahoning Case No. 12 MA 113, 2013-Ohio-4365, ¶8." The Court finds that the Defendant's Motion for Relief from Judgment was not made in a reasonable time.

{¶10}  Although the general rule is that a Civ.R. 60(B) motion is timely if it is filed within one year of the judgment entered, the trial court noted there were no specific challenges to the service of process and notices of default and show cause on the issue of timeliness.  In fact, a review of the docket, as well as the August 22, 2013 affidavit of S. Abby Vakilian, appellee's attorney-in-fact, attests to service via Civ.R. 4.3 and appellant's knowledge of the action:

> 3. The Defendant in this case, Moji Malek, lives in a gated community in the country of Costa Rica, Central America, address: Casa #106, Parque Valle Del Sol, Santa Ana, Costa Rica, Central America. Persons residing in Costa Rica have informed me that since Moji Malek was personally served with the Summons and Complaint in this case, he does not allow persons that he does not know onto his property.

{¶11}  Despite any affidavit quality averments by appellant on the issue of service and specifically Civ.R. 4.3 service, appellant argues a void judgment i.e., one granted without personal jurisdiction, and therefore it should be vacated on its face.

{¶12}  We note the Civ.R. 60(B) motion does not cite to any specific reason as enumerated in the rule.  However, a challenge to personal jurisdiction would fall under the catch-all provision of subsection (5), "any other reason justifying relief from the judgment."

{¶13}  The gravamen of appellant's claim is that service of process was incorrect, not that he was not served.  In *International Shoe Company v. Washington,* 326 U.S.

310, 316 (1945), quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940), the United States Supreme Court held "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "  The "minimum contacts" standard is memorialized in the Ohio Rules of Civil Procedure in Civ.R. 4.3 which governs process: out-of-state service.  Subsection (A) states the following:

**(A) When service permitted**

Service of process may be made outside of this state, as provided in this rule, in any action in this state, upon a person who, at the time of service of process, is a nonresident of this state or is a resident of this state who is absent from this state.  "Person" includes an individual, an individual's executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim that is the subject of the complaint arose, from the person's:

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state, including, but not limited to, actions arising out of the ownership, operation, or use of a motor vehicle or aircraft in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person to be served might reasonably have expected the person who was injured to use, consume, or be affected by the goods in this state, provided that the person to be served also regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) Having an interest in, using, or possessing real property in this state;

(7) Contracting to insure any person, property, or risk located within this state at the time of contracting;

(8) Living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state;

(9) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when

the person to be served might reasonably have expected that some person would be injured by the act in this state;

(10) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, that the person to be served commits or in the commission of which the person to be served is guilty of complicity.

{¶14} Appellant argues Civ.R. 4.3(A)(8) is inapplicable sub judice because admittedly, appellee did not continue to reside in Ohio. Appellee does not concede this point, but argues the "Settlement Agreement" signed by the parties on March 8, 2011, attached to the January 1, 2012 verified complaint as Exhibit A, waives any jurisdictional issues:

11. Before signing this agreement, each of us had the opportunity to consult with an attorney. Because of the international residency and citizenship issues, we understand that it is very important that we each have counsel review and approve this agreement. Whether or not we have secured counsel in Costa Rica, Michigan, or Iran, or in none of those places, we are each now signing this agreement freely and voluntarily, understanding that it will be binding on us in any jurisdiction in which [it] is submitted for court or other tribunal consideration.

40. **Enforcement.** The obligations of Moji and Maryam under this agreement are joint and several. Both Moji and Maryam have the right to

enforce all obligations under this agreement before a court of competent jurisdiction.

{¶15} The January 1, 2012 verified complaint prayed for unpaid spousal support and property settlement, the return of personal property or in the alternative payment therefor, contempt against appellant, and attorney fees and costs. By judgment entry filed March 21, 2013 granting the default judgment, the trial court ordered appellant to pay appellee a total of $235,423.00, and found appellant in contempt and ordered him to pay a $250.00 fine and serve thirty days in jail. A nunc pro tunc judgment entry was filed on April 22, 2013 to include personal identifiers.

{¶16} The settlement agreement, although a memorialization of a divorce, is like any other contract entered into between the parties. Although the language may be unartfully drawn, the meaning remains the same. The parties acknowledged jurisdictional issues, and waived them in consideration of the settlement and divorce. However, the criminal jurisdiction initiated by the verified complaint was not within the trial court's jurisdictional scope. Nowhere in the verified complaint are claims of any specific criminal acts occurring in Ohio.

{¶17} Upon review, we find the trial court did not err on the jurisdictional issue of enforcing the settlement agreement and had civil contempt power, but the trial court lacked jurisdiction on the criminal contempt, as such enforcement was not contemplated by the waiver of jurisdiction.

{¶18}　Assignments of Error I and II are granted in part and denied in part.  The trial court's decision on the Civ.R. 60(B) motion is affirmed but for the decision denying relief from the criminal contempt and accompanying fine and jail sentence.

{¶19}　The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed in part and reversed in part.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg  617