DECISION AND JUDGMENT ENTRY
{¶ 1} Anthony F. appeals the decision of the Lucas County Court of Common Pleas, Juvenile Division denying his motion to vacate a previous court order that adopted the magistrate's recommendation for default judgment. The underlying adjustment to his child support obligation made by the Lucas County Child Support Enforcement Agency ("CSEA") was uncontested. He now argues the juvenile court did not have personal jurisdiction over him, and the judgment is void. Because we conclude that Anthony received proper service and notice, we affirm the juvenile court's decision.
 {¶ 2} Anthony is obligated by court order to pay child support for his child by Audrey. In a letter sent October 22, 1998 by CSEA, Anthony was informed that an administrative review of his child support was scheduled for December 15, 1998 and that certain information was needed from him. He was also told that, if he did not cooperate, "reasonable assumptions" might be made concerning his income. He was notified that he could ultimately object to the administrative determination. CSEA sent a reminder on November 30, 1998 with the same information. An identical letter was sent on December 8, 1998. None of these letters was returned to the post office.
 {¶ 3} The administrative review results were sent to both Audrey and Anthony on January 27, 1999, with instructions on how to request an administrative hearing. No hearing was requested and neither letter was returned to the post office. CSEA's administrative review was filed on March 3, 1999 and was accepted in the juvenile court's April 1, 1999 judgment entry. The juvenile court's decision, which raised Anthony's monthly child support obligation to $647 was mailed to both Audrey and Anthony on April 8, 1999. Neither mailing was returned as undeliverable.
 {¶ 4} Over a year later, on October 25, 2000, Anthony filed what amounted to a Civ.R. 60(B) motion, raising the questions of personal jurisdiction and proper service. After a hearing, the magistrate denied the motion. Ultimately, after a number of continuances, the juvenile court reviewed Anthony's objections and affirmed the magistrate's decision. This order, journalized on November 22, 2002, is the one Anthony now appeals, raising a sole assignment of error: "It constituted error to deny Appellant's motion to vacate void judgment."
 {¶ 5} This case was an administrative case. After CSEA makes its recommendation, either party may request an administrative hearing and, ultimately, a court hearing. R.C. 3113.216(C)(3)(d); R.C. 3113.21(C)(1)(c). When, as here, neither party requests an administrative hearing, CSEA submits its recommendation to the court for inclusion in a revised child support order. R.C. 3113.216(C)(3)(e). CSEA's recommended amount must follow statutory child support guidelines. Headley v. Headley (May 29, 1997), Franklin App. No. 96APF07-954. If either party desires a deviation from the statutory child support guideline, that party must appeal the CSEA's recommendation to the court. Id. The court's review and any modification is limited to the child support order. R.C.3113.21(C)(1)(c)(ii); Ohio Adm. Code 5101:1-30-404(I); Gdula v. Gdula,
Belmont App. No. 99BA37; Ohio Adm. Code 5101:1-30-403(A)(4). See, also,Lute v. McCastle, 4th Dist. No. 02CA2834, 2003-Ohio-3753, at ¶ 9.
 {¶ 6} Although Anthony argues that the juvenile court erred because he did not receive proper service of process before his child support obligation was changed, service by ordinary (regular) mail is all that is required. R.C. 3121.23 now makes it very clear that service by "ordinary first class mail directed to the addressee at the last known address" is sufficient when an administrative review of child support occurs under R.C. 3119. The Ohio Administrative Code, which was in use when the review occurred, provided for service by regular mail. See Ohio Adm. Code 5101:1-30-403(E) and (E)(5); Ohio Adm. Code 5101:1-30-404(K). As the procedures outlined by the Ohio Administrative Code were followed, it is presumed that Anthony was served in the proper manner, for the record does not indicate otherwise. See Williams v. Williams (June 6, 1997), 2nd
Dist No. 16129. None of the many mailings concerning the administrative review of Anthony's child support obligation was returned as undeliverable by the post office.
 {¶ 7} Anthony did not request a hearing; therefore, the court acted properly in adopting the administrative conclusion raising Anthony's monthly child support obligation to $647. See Ohio Adm. Code 5101:1-30-403(E)(7). Without a hearing request and nothing in the record to show that Anthony was incorrectly served, the juvenile court's order denying the Civ.R. 60(B) motion was proper. See, generally, GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus. The sole assignment of error is found not well-taken.
 {¶ 8} Substantial justice was done to appellant, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Pietrykowski and Singer, JJ., concur.