OPINION
{¶ 1} Appellant, Rose Reeher, appeals from a decision of the Belmont County Common Pleas Court, Juvenile Division granting legal custody of her daughter to her brother and his wife.
 {¶ 2} This case concerns the legal custody of Jennifer Ashley Reeher (d.o.b 01/26/87). Jennifer was born to appellant and Kenneth Reeher. Appellant and Kenneth subsequently divorced and appellant retained custody of Jennifer. Since then, Kenneth has had minimal contact with Jennifer. On February 23, 2000, appellee, the Belmont County Department of Job and Family Services, filed a complaint alleging that Jennifer was a dependent child as defined in R.C. 2151.04(B) because she lacked proper care due to the mental and/or physical condition of appellant, her mother. The complaint alleged verbal and emotional abuse by appellant and stemmed from an argument between appellant and Jennifer, which one of appellant's brothers tape-recorded. All who heard the recording stated it indicated extremely inappropriate language and interaction by appellant with Jennifer. Appellee requested that the court grant either temporary custody or protective supervision to it. An emergency shelter care hearing was held before a magistrate. Appellant stipulated to emergency shelter care and the magistrate ordered Jennifer's placement in appellee's temporary emergency custody. Appellee placed Jennifer with her maternal uncle and aunt, Francis and Patty Hanasky.
 {¶ 3} The court set the case for a hearing and appointed Jennifer a guardian ad litem (GAL). The GAL evaluated Jennifer's case and found the following. Appellant admitted herself to an in-patient treatment center, was released after three days, and was placed on Lithium, Benztropine, and Haloperidol. The GAL reported it was her understanding that appellant was diagnosed as bipolar, obsessive-compulsive. The GAL noted that Home Based Therapy Agency had become involved with the family. The GAL recommended counseling for appellant and Jennifer, continued involvement with Home Based Therapy, continued supervision by appellee, and increased contact between appellant and Jennifer.
 {¶ 4} On May 3, 2000, appellant filed a motion for increased visitation stating she had only had two supervised visits with Jennifer since March 29, 2000. She contended that without an adequate number of supervised visits, the mental health professionals involved would not be able to make a proper determination on reunification. It appears the court denied this motion.
 {¶ 5} The magistrate held an adjudicatory hearing on May 15, 2000. Appellant stipulated to the allegations in the complaint. The magistrate found Jennifer was a dependent child and ordered that appellee retain temporary custody of her. The trial court adopted the magistrate's decision. Appellee subsequently filed a case plan, which appellant agreed to and the court approved. The case plan included supervised weekly visitations between appellant and Jennifer, gradually increasing to unsupervised overnight visits, and various counseling goals and case reviews.
 {¶ 6} According to a GAL report, the supervised visits went well; however, after her first overnight visit, Jennifer expressed that she did not want to spend overnight visits with appellant. When time for the next scheduled overnight visit arose, Jennifer refused to go.
 {¶ 7} During the next several months, the court continued the case upon both parties' requests. On January 5, 2001, appellee filed a motion for a six-month extension of temporary custody stating it anticipated reunification between appellant and Jennifer was a possibility but they needed more time to make progress on the case plan. On February 7, 2001, appellee filed a motion to terminate visitation between appellant and Jennifer. Appellee based this motion on counselors' recommendations that visitation be terminated due to Jennifer's reactions to the visits, including self-mutilation, binging on food, a twitching of her eye, and other manifestations of stress and anxiety. However, a doctor whom appellee relied on in making this motion later clarified her statements making clear that supervised visits between appellant and Jennifer were appropriate. That same day appellant filed a motion to establish regular visitation.
 {¶ 8} The magistrate held a hearing on the motions. He granted appellee's motion for a six-month extension of temporary custody and denied appellant's motion to establish regular visitation. The magistrate also granted appellee's motion to terminate visitation in part. The magistrate ordered that visitation occur when: (1) Jennifer wanted a visit and a counselor was there to supervise; and (2) appellant and Jennifer agreed to whatever conditions were required by the counselor. Appellant filed an objection to the magistrate's decision, which the court overruled.
 {¶ 9} Appellee filed an amended case plan with the court on April 30, 2001, which appellant signed and the court approved. This case plan provided that visitation between appellant and Jennifer was to resume when certain conditions were met, including the agreement of all counselors involved.
 {¶ 10} On July 17, 2001, appellee filed a motion to terminate its temporary custody and grant custody to the Hanaskys. Appellee alleged it made reasonable reunification efforts, but appellant and Jennifer had not made significant progress. The magistrate held a hearing and denied the motion ordering that appellee retain temporary custody of Jennifer for another six months. The court adopted the magistrate's decision over appellant's objections.
 {¶ 11} On January 3, 2002, appellee again filed a motion to terminate temporary custody and grant custody to the Hanaskys. In this motion, appellee stated it was at the end of the statutory maximum period of temporary custody (two years). Appellant then filed a motion for supervised visitation. The magistrate held a hearing on the motions on May 8, 2002. In his May 31, 2002 decision, the magistrate granted appellee's motion to terminate custody and granted legal custody of Jennifer to the Hanaskys. He also granted appellant's motion for supervised visitation as follows. Appellant is granted at least monthly visitation with Jennifer at her counselor's office. Jennifer's counselor is to determine the length of the visit. The only other person who may be present is appellant's counselor. The visitation order may be terminated if after serious attempts, there is a therapeutic recommendation to stop the monthly visits. The visitation order may be extended to other forms of visitation if there is a therapeutic recommendation that such extension is appropriate.
 {¶ 12} Appellant filed objections to the magistrate's decision. On July 1, 2002, the court overruled appellant's objections and granted the Hanaskys legal custody of Jennifer. The court found that appellee had made a reasonable effort to reunify appellant and Jennifer. It further ordered that Jennifer remain in counseling. Finally, it ordered visitation according to the magistrate's decision. Appellant appealed that decision and this court affirmed. In re Reeher, 7th Dist. No. 02-BE-38, 2003-Ohio-3470.
 {¶ 13} Subsequently on July 31, 2002, appellant filed a motion to modify and/or clarify visitation. Appellant requested clarification as to whether the visits were to be simply supervised visits or therapeutic in nature. Appellant also requested clarification of who was to supervise the visits, who was responsible for the therapist, John Leindecker's (Leindecker) services, and the number of visits to be scheduled per month.
 {¶ 14} On October 17, 2002, the magistrate issued a decision finding that the sessions were to be therapeutic in nature, Leindecker would decide who was to supervise and the frequency of the sessions. The magistrate also ordered that appellant pay Mr. Leindecker's fees. Appellant filed objections to the magistrate's decision.
 {¶ 15} On November 12, 2002, the trial court approved the recommendations in part and disapproved in part. The court held that the sessions were to be therapeutic in nature, with the costs to be borne by appellant to the extent that they are not covered by private insurance or Medicaid. The court also ordered appellant to provide information to the Child Support Enforcement Agency to allow calculation of an appropriate child support amount. Appellant appealed that decision to this court on November 27, 2002.
 {¶ 16} On June 20, 2003, this court filed a journal entry holding that without a determination of child support there was no final appealable order.
 {¶ 17} On July 10, 2003, the trial court filed a judgment entry ordering appellant to pay child support of $50.00 per month plus two percent poundage. In that same entry, the trial court also granted a motion to terminate appellant's visitation filed by appellee in the interim.
 {¶ 18} Concerning the present appeal (i.e., appellant's appeal of the trial court's November 12, 2002 journal entry), appellant's sole assignment of error states:
 {¶ 19} "The trial court erred in creating a nexus between the visitation of appellant Rose Reeher with her daughter Jennifer Reeher, and the payment of the fees of court ordered therapist John Linedecker [sic] which payments were to be set off against support ordered, thereby committing an abuse of discretion."
 {¶ 20} Appellant argues that the trial court abused its discretion by making her payment of the therapist's fees a condition precedent to visitation with her daughter.
 {¶ 21} "The duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." (Internal quotation marks and citations omitted.)State ex rel. Eliza Jennings, Inc. v. Noble (1990),49 Ohio St.3d 71, 74, 551 N.E.2d 128. Since the trial court has since terminated visitation between appellant and her daughter, there is no longer an actual controversy presented by appellant's appeal of the trial court's November 12, 2002 journal entry.
 {¶ 22} Accordingly, appellant's sole assignment of error is rendered moot. See App.R. 12(A)(1)(c).
 {¶ 23} This appeal is hereby sua sponte dismissed.
Vukovich and DeGenaro, JJ., concur.