[Cite as *Taube v. Boyle*, 2019-Ohio-3305.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| AMANDA M. TAUBE (nka BOYLE) | JUDGES:<br>Hon. W. Scott Gwin, P.J |
| Plaintiff-Appellant | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 19 CAF 02 0012 |
| STEVEN P. BOYLE | |
| Defendant-Appellee | O P I N IO N |


CHARACTER OF PROCEEDINGS:     Appeal from the Delaware County Court of Common Pleas, Domestic Relations Division, Case No. 14DRA110544


JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     August 15, 2019


APPEARANCES:


For Plaintiff-Appellant                     For Defendant-Appellee

LINDA J. LAWRENCE                     STEVEN BOYLE
24 W. William Street                     5591 Bowland Place, North
Delaware, Ohio  43015                 Dublin, Ohio  43016

*Hoffman, J.*

**{¶1}**   Plaintiff-appellant Amanda M. Taube (nka Boyle) appeals the January 14, 2019 Judgment Entry Revised Child Support and Medical Support Orders entered by the Delaware County Court of Common Pleas, Domestic Relations Division, which adopted the Delaware County Child Support Enforcement Agency's Administrate Adjustment Recommendation reducing defendant-appellee Steven P. Boyle's child support obligation.[1]

STATEMENT OF THE CASE[2]

**{¶2}**   Appellant and Appellee were married on October 27, 2001, in Columbus, Ohio.  Two children were born as issue of the marriage.  On November 20, 2014, Appellant filed a Complaint for Divorce.  Appellee filed an Answer and Counterclaim on January 12, 2015.  The parties were divorced via Agreed Judgment Entry Decree of Divorce on October 13, 2015.  On the same day, the parties executed an Agreed Shared Parenting Plan.  Pursuant thereto, Appellant was ordered to provide health insurance for the children, and Appellee was ordered to pay child support in the amount of $1,380.80/month.

**{¶3}**   On December 18, 2018, the Delaware County Child Support Enforcement Agency ("DCCSEA") conducted an administrative review of Appellee's child support obligation.  DCCSEA recommended Appellee's monthly child support obligation be reduced from $1,380.80/month to $723.40/month, and the children's healthcare expenses be allocated between the parties as follows: 40% to Appellee and 60% to Appellant.  Appellant's address is listed as 560 Redwood Lane, Lewis Center, Ohio, on

---

[1] Appellee has not filed a brief in this Appeal.
[2] A full rendition of the facts is not necessary to our disposition of this Appeal.

the Administrative Adjustment Recommendation. Appellant had not lived at the Redwood Lane address since December, 2017.

**{¶4}** On January 10, 2019, DCCSEA filed a Motion for Revised Child Support and Medical Support Orders, asking the trial court to adopt its Administrative Adjustment Recommendation. DCCSEA also filed the Administrative Adjustment Recommendation (Form JFS 07724) and child support computation worksheet. The trial court adopted DCCSEA's Administrate Adjustment Recommendation via Judgment Entry Revised Child Support and Medical Support Orders filed January 14, 2019. The trial court instructed the Clerk of Courts to serve by certified mail a copy of the order upon Appellant at 560 Redwood Lane, Lewis Center, Ohio, and upon Appellee at his address on file. However, the certified mail receipt in the record is addressed to Appellant at 5284 Louden Drive, Lewis Center, Ohio.

**{¶5}** On February 11, 2019, Appellant filed a motion for a Civ. R. 59 hearing and a motion for a Civ.R. 60(B) hearing. In both motions, Appellant asserted she was not properly served with DCCSEA's January 10, 2019 Motion for Revised Child Support and Medical Support Orders. Appellant further maintained she never received any correspondence or notice from DCCSEA regarding the administrative review, and did not receive the Administrative Adjustment Recommendation. Appellant concluded her due process rights were violated.

**{¶6}** Via Judgment Entry filed February 13, 2019, the trial court dismissed Appellant's Civ. R. 59 motion. In addition, the trial court declined to hear Appellant's Civ. R. 60(B) motion as Appellant had not properly served Appellee and DCCSEA. The trial court stayed the matter pending this Appeal.

**{¶7}** It is from this judgment entry Appellant appeals, raising as her sole assignment of error:

DID THE TRIAL COURT ERR BY FINDING THAT THE APPELLANT HAD BEEN PROPERLY SERVED NOTICE OF THE CHILD SUPPORT ENFORCEMENT AGENCY'S ADMINISTRATIVE REVIEW HEARING AND THUS DENYING HER [AN] OPPORTUNITY TO BE HEARD.

I.

**{¶8}** A child support enforcement agency has the authority to investigate, obtain information, recalculate, and issue administrative orders modifying support, and the trial court retains jurisdiction to modify child support under statutes and the Rules of Civil Procedure. *Hayslip v. Hanshaw*, 2016-Ohio-3339, 54 N.E.3d 1272, ¶ 14 (4th Dist.), citing *Sowald and Morganstern*, *Baldwin's Ohio Domestic Relations Law,* Section 19:17 (4th Ed. 2016). "The General Assembly has adopted a scheme, supplemented by administrative rule, that governs when and how a child support enforcement agency may review and adjust a court-issued child support order." See, *Burton v. Harris,* 2013-Ohio-1058, 987 N.E.2d 745, ¶ 12 (10th Dist.). Based on R.C. 3119.60 and Ohio Adm. Code 5101:12–60–05.1, the child support enforcement agency, either sua sponte periodically or on the request of the obligor or obligee, can initiate an administrative review of a child-support order.

**{¶9}** The child support enforcement agency establishes the date on which the review will formally begin, notifies the parties of the review and its commencement date,

and requests the parties provide the agency with certain financial, health-insurance, and other information necessary to properly review the child-support order. R.C. 3119.60; Ohio Adm. Code 5101:12–60–05.3. On the date designated by the agency, it will calculate a revised amount of child support to be paid under the court child-support order. R.C. 3119.63(A); Ohio Adm. Code 5101:12–60–05.4(A). The child support enforcement agency then gives the obligor and obligee notice of the revised amount of child support and their right to request an administrative and court hearing on the revised amount. R.C. 3119.63(B) and (E); Ohio Adm. Code 5101:12–60–05.4(C).

**{¶10}** As noted in Footnote 1, supra, Appellee did not file a brief in this matter. When an appellee fails to file an appellate brief, App. R. 18(C) authorizes this Court to accept an appellant's statement of facts and issues as correct, and then reverse a trial court's judgment as long as the appellant's brief "reasonably appears to sustain such action." In other words, an appellate court may reverse a judgment based solely on consideration of an appellant's brief. *Harper v. Neal*, 4th Dist. Hocking No. 15CA25, 2016-Ohio-7179, 2016 WL 5874628, ¶ 14, citing *Fed. Ins. Co. v. Fredericks*, 2nd Dist., 2015-Ohio-694, 29 N.E.3d 313, 330–31, ¶ 79; *Sites v. Sites*, 4th Dist. Lawrence No. 09CA19, 2010-Ohio-2748, 2010 WL 2391647, ¶ 13; *Sprouse v. Miller*, Lawrence App. No. 06CA37, 2007-Ohio-4397, 2007 WL 2410894, fn. 1.

**{¶11}** Accepting Appellant's Statement of the Facts as correct, pursuant to App. R. 18(C), we find such facts reasonably warrant reversal of the trial court's adoption of DCCSEA's Administrate Adjustment Recommendation. The facts as set forth in Appellant's brief demonstrate Appellant did not receive notice of the review hearing or the Administrate Adjustment Recommendation. Likewise, our review of the record fails to

establish Appellant received notice of the review hearing or the Administrate Adjustment Recommendation. Because Appellant did not receive notice of the revised amount of child support, she was precluded from exercising her right to request an administrative and court hearing on the revised amount.

{¶12} Appellant's sole assignment of error is sustained.

{¶13} The judgment of the Delaware County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, J.

Gwin, P.J. and

Delaney J. concur