[Cite as *In re L.D.M.*, 2021-Ohio-1853.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2020-07-078 |
| L.D.M. | : | O P I N I O N<br>6/1/2021 |
| | : | |
| | : | |
| | : | |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JS2013-1119

Dinsmore & Shohl LLP, Timothy A. Tepe, 255 E. Fifth Street, Suite 1900, Cincinnati, Ohio 45202, for appellant

The Lampe Law Office, LLC, Lynn M. Lampe, 9277 Centre Pointe Drive, Suite 100, West Chester, Ohio 45069, for appellant

Lyons & Lyons Co., LPA, Kathleen W. Adams, 8310 Princeton-Glendale Road, West Chester, Ohio 45069, for appellee

**M. POWELL, J.**

{¶ 1} Appellant ("Mother") appeals a decision of the Butler County Court of Common Pleas, Juvenile Division ("juvenile court"), denying her Civ.R. 60 motion for relief from judgment.

{¶ 2} Appellee ("Father") and Mother were divorced in the Butler County Court of Common Pleas, Domestic Relations Division ("domestic relations court"), in 2010. Two children were born issue of the marriage. This appeal involves the parties' older child, L.M., who is severely and permanently disabled; he was born on September 19, 2001. In the years following their divorce, the parties engaged in extensive litigation regarding parenting time and child support. The case was transferred to the juvenile court in 2013.

{¶ 3} On July 13, 2015, the parties resolved their parenting time and child support issues in a Compromise and Settlement Agreement (the "Agreement"). Pursuant to the Agreement, Father's child support obligation was set at $123.07 per month per child, effective August 1, 2015; collection of child support arrears was stayed subject to the Agreement; Father would transfer two brokerage accounts to Mother for the children's benefit; Father was to have no contact with the children prior to their emancipation; if Father abided by the no-contact provision, his child support obligation for L.M. would terminate on L.M.'s 18th birthday and Father's child support arrearages would be reduced to $0 upon both children's emancipation; and if Father violated the no-contact provision, his child support arrearages would be fully reinstated and subject to collection and he would have to pay Mother $500,000 as liquidated damages.

{¶ 4} The Agreement further provided, "The parties to this Agreement understand it must be accepted by both the Butler County Domestic Relations Court and Juvenile Court. Should either or both courts reject this Agreement, or any terms contained herein, the entire Agreement shall become null and void in its entirety." The juvenile court adopted the Agreement as an order of the court on July 13, 2015. However, the Agreement was never presented to the domestic relations court.

{¶ 5} In 2019, the Butler County Child Support Enforcement Agency ("CSEA") conducted an administrative review of Father's child support obligation for L.M. On August

- 2 -

1, 2019, the CSEA recommended that Father's child support for L.M. be terminated, effective September 19, 2019 (L.M.'s 18th birthday), because "[Mother] has failed to respond to a request for further information regarding said child's emancipation." The CSEA further determined that Father's outstanding child support arrearages for L.M. were $0. The CSEA's findings and recommendations advised the parties of their right to request an administrative hearing on the revised amount of child support and arrearages, and that if they did not request a hearing, the recommendations would be issued as an administrative order or submitted to the court for inclusion into a revised or terminated child support order. The CSEA also recommended that the juvenile court issue an order emancipating L.M., effective September 19, 2019. The CSEA sent Mother notice of its recommendations to her address on Mistymorn Lane in Cincinnati, Ohio. However, Mother had moved to a residence on Hopewell Road in Cincinnati, Ohio in October 2014.

{¶ 6} On September 17, 2019, two days before L.M.'s 18th birthday and while the CSEA's foregoing recommendations were pending before the juvenile court, Mother filed a motion for legal custody/parenting provision, asking the juvenile court to find that L.M. would not become emancipated on his 18th birthday due to his serious disabilities and requesting that she remain his legal custodian beyond his 18th birthday. The motion made no mention of Father's child support obligation or outstanding child support arrearages regarding L.M. Mother also filed a contempt motion, alleging that Father had breached the Agreement by contacting her and requesting contact with L.M. Mother's motions were accompanied by an Application for Child Support Services Non-Public Assistance Applicant ("Title IV-D application") which listed the Hopewell Road address as Mother's address.

{¶ 7} On October 7, 2019, a magistrate of the juvenile court issued a "magistrate's decision/order" adopting the CSEA's August 2019 recommendation to terminate Father's

child support obligation regarding L.M., effective September 19, 2019.[1] The juvenile court adopted the magistrate's decision as an order of the court on October 7, 2019. Notice of the juvenile court's order was sent to Mother's Mistymorn Lane address. It was returned as undeliverable. Mother did not appeal the juvenile court's October 7, 2019 judgment.

{¶ 8} A hearing on Mother's legal custody and contempt motions was held before the magistrate on March 10, 2020. Although the parties' respective attorneys argued the motions, neither party testified nor presented evidence. On March 12, 2020, the magistrate recommended that Mother's motions be denied and the juvenile court adopted the magistrate's recommendation. The juvenile court denied Mother's motion for legal custody based on res judicata. Specifically, the court found that L.M.'s emancipation on his 18th birthday was res judicata based upon the court's October 7, 2019 judgment entry finding that L.M. was emancipated and terminating Father's child support obligation for L.M. The juvenile court further found there was no legal authority for the court to determine the custody of a person over the age of 18 years. The juvenile court also denied Mother's contempt motion, finding that the Agreement was "null and void" because it had never been submitted to the domestic relations court for approval. The court, therefore, held that Father could not be found in contempt because "there is not a valid court order upon which to base

---

1. Throughout the proceedings, the magistrate repeatedly issued rulings labeled as "magistrate's decision/order." Juv.R. 40(D)(2)(a)(i) restricts "magistrate's orders" to "[regulating] the proceedings" and specifically provides that a "magistrate's order" may not be "dispositive of a claim or defense of a party." "A magistrate's order [must] be identified as a magistrate's order in the caption" pursuant to Juv.R. 40(D)(2)(a)(ii); "[a] magistrate's decision [must] be identified as a magistrate's decision in the caption" pursuant to Juv.R. 40(D)(3)(a)(iii). The juvenile rule does not provide for a "magistrate's decision/order." The designation is significant because the time to set aside a "magistrate's order" is ten days whereas the time to object to a "magistrate's decision" is 14 days. Juv. R. 40(D)(2)(b) and (3)(b)(i). The magistrate's rulings at issue in this case, to wit, the October 7, 2019 termination of Father's child support obligation for L.M., the March 12, 2020 denial of Mother's legal custody and contempt motions, and the June 8, 2020 denial of Mother's Civ.R. 60 motion clearly disposed of the parties' claims and defenses. Thus, the October 7, 2019, March 12, 2020, and June 8, 2020 rulings by "magistrate's decision/order" are incorrect and should have been designated as a magistrate's decision. The designation of a magistrate's determination of an issue as a "magistrate's order" or "magistrate's decision" is not merely a matter of form, but rather one of substance. *In re N.J.*, 12th Dist. Warren Nos. CA2016-10-086 and CA2016-10-090 thru CA2016-10-091, 2017-Ohio-7466, ¶ 10, fn. 2.

such a finding." Notice of the juvenile court's judgment was sent to Mother's Mistymorn Lane address and to her attorneys. The notice to Mother was returned as undeliverable. Mother both moved to set aside and filed objections to the magistrate's March 12, 2020 decision.[2] Mother did not appeal the juvenile court's March 12, 2020 judgment entry, including its finding that the Agreement was void.

{¶ 9} On March 26, 2020, Mother filed a Civ.R. 60 motion for relief from the October 7, 2019 judgment terminating Father's child support obligation and eliminating his child support arrearages regarding L.M. Mother argued she was entitled to relief under Civ.R. 60(A) because there was a clerical error when notices of the CSEA's recommendations and the juvenile court's October 7, 2019 judgment were sent to Mother at her former Mistymorn Lane address. Mother claimed that she provided the juvenile court with her Hopewell Road address on two separate occasions when she filed a Juvenile Court Face Sheet ("Face Sheet") with a motion in July 2016 and again with her September 17, 2019 motion for legal custody.

{¶ 10} Mother also argued she was entitled to relief under Civ.R. 60(B)(1) because "having provided her correct address to [the juvenile court] years before any administrative proceeding commenced, * * * [a]ny other failure to provide her present address is mistake, inadvertence or excusable neglect." Mother further argued she was entitled to relief under Civ.R. 60(B)(2) because the March 12, 2020 judgment entry finding that the Agreement was void was newly discovered evidence.

{¶ 11} On June 8, 2020, the magistrate denied Mother's Civ.R. 60 motion for relief from judgment on the ground L.M. became emancipated as a matter of law on his 18th

---

2. Not knowing whether the magistrate's March 12, 2020 "decision/order" was a decision or an order, and "[o]ut of an abundance of caution" in the event the magistrate's ruling was an order, Mother first moved to set aside the magistrate's ruling denying her legal custody and contempt motions. Mother then filed objections to the magistrate's ruling. The juvenile court overruled Mother's objections and denied her motion to set aside on April 14, 2020.

birthday on September 19, 2019, and was therefore emancipated at the time of the juvenile court's October 7, 2019 judgment.  Although the record does not reflect that Mother filed objections to the magistrate's denial of her Civ.R. 60 motion, the juvenile court's June 25, 2020 judgment entry overrules Mother's objections and adopts the magistrate's decision denying Mother's Civ.R. 60 motion.

{¶ 12} Mother now appeals the denial of her Civ.R. 60 motion, raising three assignments of error.  The assignments of error will be addressed out of order; Mother's first and second assignments of error will be considered together.

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT ERRED WHEN IT ELIMINATED FATHER'S SUBSTANTIAL CHILD SUPPORT ARREARAGE RELATED TO [L.M.].

{¶ 15} Mother argues the juvenile court erred in eliminating Father's child support arrearages for L.M.  Mother asserts that reducing Father's child support arrearages to $0 was an improper retroactive modification of child support under R.C. 3119.83.

{¶ 16} The record shows that the CSEA recommended that Father's child support obligation be terminated on L.M.'s 18th birthday and further determined that Father's related child support arrearages were $0.  By contrast, the juvenile court's October 7, 2019 judgment entry simply states that upon considering the CSEA's findings and recommendations to terminate the child support order, "this court hereby orders: terminate child and/or medical support effective 9/19/2019."  There is no mention of Father's child support arrearages in the judgment entry, let alone their elimination.  Mother asserts that the juvenile court attached the CSEA's findings and recommendations order to its October 7, 2019 judgment entry.  That is incorrect.  There is no such attachment to the juvenile court's judgment entry.  What the record shows instead is that the juvenile court included the CSEA's findings and recommendations in its mailing when it sent notice of its October

7, 2019 judgment entry to Mother.

{¶ 17} It is well established that a court speaks only through its journal entries. *Spillane v. Spillane*, 12th Dist. Butler No. CA2019-12-206, 2020-Ohio-5052, ¶ 38. Furthermore, "[t]he duty of this court, as of every judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74 (1990). Because the juvenile court's October 7, 2019 judgment entry only terminates Father's child support obligation for L.M. and does not eliminate Father's related child support arrearages, there is no actual controversy regarding Father's child support arrearages presented by Mother's appeal. *In re Reeher*, 7th Dist. Belmont No. 02 BE 68, 2004-Ohio-802, ¶ 21.

{¶ 18} Mother's third assignment of error is accordingly moot.

{¶ 19} Assignment of Error No. 1:

{¶ 20} THE TRIAL COURT ERRED WHEN IT FAILED TO SET ASIDE ITS PRIOR ORDER FINDING THAT [L.M.] WAS EMANCIPATED FOR CHILD SUPPORT PURPOSES AND THAT FATHER'S LARGE CHILD SUPPORT ARREARAGE SHOULD BE SET TO $0.

{¶ 21} Assignment of Error No. 2:

{¶ 22} MOTHER WAS DENIED DUE PROCESS WHEN THE CSEA AND THE TRIAL COURT REPEATEDLY SENT NOTICES TO AN INCORRECT ADDRESS EVEN THOUGH THE CLERK AND THE COURT HAD THE PROPER ADDRESS FOR MOTHER.

{¶ 23} In her first assignment of error, Mother argues that the juvenile court erred in denying her Civ.R. 60(A) motion because the court made clerical errors in sending notices of proceedings and judgments to her former Mistymorn Lane address. Mother further argues that the juvenile court erred in denying her Civ.R. 60(B) motion. Mother asserts she

is entitled to relief under Civ.R. 60(B)(1) because she twice provided the juvenile court with her current Hopewell Road address. Thus, "[a]ny failure by mother to provide her current address directly to CSEA in addition to the trial court is mistake, inadvertence or excusable neglect." Mother further asserts she is entitled to relief under Civ.R. 60(B)(2) because the juvenile court's March 12, 2020 judgment entry sua sponte finding that the Agreement was void is newly discovered evidence.

{¶ 24} In her second assignment of error, Mother argues that she was denied due process because the CSEA and juvenile court repeatedly sent notices to her former Mistymorn Lane address even though she notified the court of her Hopewell Road address as early as July 2016.

{¶ 25} Civ.R. 60(A) provides in pertinent part that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders." This court reviews a trial court's decision on a Civ.R. 60(A) motion for an abuse of discretion. *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2018-09-018, CA2018-09-019, and CA2018-11-022, 2019-Ohio-3229, ¶ 70.

{¶ 26} Civ.R. 60(A) authorizes the correction of clerical mistakes only. Substantive changes in judgments, orders, or decrees are not within the rule's purview. *Kuehn v. Kuehn*, 55 Ohio App.3d 245, 247 (12th Dist.1988). Under Civ.R. 60(A), a "clerical mistake" is a mistake or omission, mechanical in nature, which is apparent on the record, and which does not involve a legal decision or judgment. *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 1996-Ohio-340. Thus, Civ.R. 60(A) applies only to clerical mistakes which involve "blunders in execution," and not substantive mistakes "where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or

because, on second thought, it has decided to exercise its discretion in a different manner." *Kuehn* at 247. "To that end, Civ. R. 60(A) permits the trial court to make changes in judgments to reflect what, in fact, was really decided by the court. In effect, the relief afforded by Civ. R. 60(A) is the judgment actually rendered by the court." *Soroka v. Soroka*, 8th Dist. Cuyahoga No. 62739, 1993 Ohio App. LEXIS 3077, *11 (June 17, 1993).

{¶ 27} The juvenile court did not abuse its discretion in denying Mother's Civ.R. 60(A) motion. Mother is seeking relief from the juvenile court's October 7, 2019 judgment which terminated Father's child support obligation for L.M. Although Mother argues that the judgment contains a clerical error in that it was improperly sent to her former Mistymorn Lane address, she is in fact seeking the reversal of the October 7, 2019 judgment and the reinstatement of Father's child support obligation for L.M. The requested changes are substantive changes which are not within the purview of Civ.R. 60(A). Furthermore, a clerk's mailing of a notice to an incorrect address and the clerk's subsequent failure to remail after return are not errors contemplated in Civ.R. 60(A). *Mansour v. Ohio Fair Plan Underwriting Assn.*, 7th Dist. Mahoning No. 77 C.A. 88, 1977 Ohio App. LEXIS 10050, *5 (Nov. 14, 1977). Moreover, Civ.R. 60(A) cannot be used as a substitute for an appeal of a judgment. *See, e.g., Bloom v. Bloom*, 11th Dist. Trumbull Nos. 2019-T-0078 and 2019-T-0080, 2020-Ohio-4107.

{¶ 28} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. Failure to meet any one of the *GTE*

factors is fatal, as all three factors must be satisfied in order to grant relief. *Strack v. Pelton,* 70 Ohio St.3d 172, 174, 1994-Ohio-107. The decision to grant or deny a Civ.R. 60(B) motion for relief from judgment lies in the sound discretion of the trial court. *Id.*

{¶ 29} Mother's Civ.R. 60(B) motion was filed within five months of the juvenile court's October 7, 2019 judgment entry and therefore satisfies the third prong. Mother asserts she satisfies the meritorious defense prong because L.M. was still attending high school on his 18th birthday and remains disabled and unable to support himself. Mother further asserts that the juvenile court confused being emancipated for custody purposes with being emancipated for child support purposes.

{¶ 30} Mother filed a Motion for Legal Custody/Parenting Provision – 570, asking the juvenile court to find that L.M. would not become emancipated on his 18th birthday and requesting that she remain his legal custodian beyond his 18th birthday. The motion made no mention of Father's child support obligation regarding L.M. The juvenile court's local rules specifically provide that all motions "shall contain in the caption on the first page of any such * * * motion, a clear indication of each form of relief sought and a numerical designation * * * regarding the nature of relief sought." Loc.R. 15(C) of the Court of Common Pleas of Butler County, Juvenile Division. "The information contained in the case caption and the relief identified, either by way of a code number or text within the caption, shall control how the action is identified and processed by the court." *Id.* Mother's legal custody motion only sought a determination that L.M. could not become emancipated on his 18th birthday because of his disabilities and for Mother to remain his legal custodian beyond his 18th birthday. The motion did not explain why Mother was seeking such orders from the juvenile court, certainly did not explain such requests were for child support purposes, and in fact made no mention of Father's child support obligation. As stated above, neither party testified nor submitted evidence at the hearing on Mother's legal custody motion. In ruling

solely on the emancipation and custody issues, the juvenile court addressed the relief sought by and identified in Mother's legal custody motion in compliance with its local rules.

{¶ 31} Mother argues the juvenile court erred in denying her Civ.R. 60(B)(1) motion because she twice provided the juvenile court with her current Hopewell Road address. Thus, "[a]ny failure by mother to provide her current address directly to CSEA in addition to the trial court is mistake, inadvertence or excusable neglect" under Civ.R. 60(B)(1). It is undisputed that the juvenile court sent notice of its October 7, 2019 judgment to Mother's former Mistymorn Lane address, that the notice was returned as undeliverable, and that Mother never received actual notice of the court's October 2019 judgment. Mother claims that she did not receive the CSEA's August 2019 notice of its recommendations which was also sent to her former Mistymorn Lane address. Mother concludes her due process rights were violated.

{¶ 32} A child support enforcement agency may initiate an administrative review of a child support order, including child support arrearages, either sua sponte periodically or at the request of the obligor or obligee. *Taube v. Boyle*, 5th Dist. Delaware No. 19 CAF 02 0012, 2019-Ohio-3305, ¶ 8. R.C. 3119.60 through 3119.79 and Ohio Adm.Code 5101:12-60 govern the administrative and judicial process of reviewing child support orders. Generally, CSEA must schedule a review date, notify the parties of the review by sending a notice to the last known address of the parties, and request the parties to submit required evidence. Once CSEA calculates a revised amount of child support, R.C. 3119.63(C) requires the agency to give the parties notice, by ordinary mail, of its recommendation and the parties' right to request an administrative hearing on the revised amount of child support. Pursuant to R.C. 3119.63(E), where neither party requests an administrative hearing, CSEA must submit its recommendation to the court for inclusion in a revised court child support order. R.C. 3119.65 provides that if a court hearing is not requested on the revised amount

of child support, "the court *shall* issue a revised court child support order[.]" (Emphasis added.) R.C. 3119.65.

{¶ 33} Although Mother argues that the juvenile court erred in denying her Civ.R. 60(B)(1) motion because she did not receive the CSEA's August 2019 notice of its recommendation which was sent to her former Mistymorn Lane address, service by ordinary mail is all that is required. R.C. 3121.23 provides that notices under R.C. Chapter 3119 "shall be made by ordinary first class mail" to a party's "last known address[.] A notice shall be considered to have been served when it is mailed." As the procedures outlined by the Ohio Administrative Code were followed, it is presumed that Mother was served in the proper manner, for the record does not indicate otherwise. *Audrey H. v. Anthony F.*, 6th Dist. Lucas No. L-02-1401, 2004-Ohio-83, ¶ 6. None of the mailings sent to Mother at her former Mistymorn Lane address concerning the administrative review of Father's child support obligation were returned as undeliverable.

{¶ 34} We note that the parties' divorce decree required the parties to notify CSEA in writing of any change of address until further notice of the domestic relations court. The case was subsequently transferred to the juvenile court in 2013 and Mother moved to her Hopewell Road address in 2014. Pursuant to R.C. 3121.24(A), Mother was required to notify CSEA of her change of address "immediately after the change occurre[d]." The statute further provides that "[n]o person shall fail to give the notice required by division (A) of this section." The only evidence that Mother notified the CSEA of her change of address is the Title IV-D application she filed with her legal custody motion on September 17, 2019. However, this was after the CSEA's August 1, 2019 recommendation to terminate child support. Because Mother had not notified CSEA of her change of address at the time of the agency's August 2019 recommendation, CSEA's notice of its administrative review and recommendation to Mother's last known address on Mistymorn Lane complied with R.C.

3121.23 and comported with procedural due process. *See Young v. Norris*, 10th Dist. Franklin No. 17AP-839, 2018-Ohio-3688; *Audrey H.*

{¶ 35} With neither party requesting a R.C. 3119.63 administrative hearing, the CSEA acted in accordance with R.C. 3119.63(E) in submitting its recommendation to the juvenile court, and Mother was not due any further notice of the juvenile court's adoption of the CSEA's recommendation. The juvenile court, in turn, acted properly and in accordance with R.C. 3119.63(H) and 3119.65 in adopting the CSEA's recommendation and issuing a revised child support court order without advance notice to Mother. *See Young*; *Audrey H.*, 2004-Ohio-83.

{¶ 36} However, because the CSEA's recommendation was originally adopted by a magistrate's decision, Mother had the right to object to the magistrate's decision. Juv.R. 40(D)(3)(b). As stated above, notice of the magistrate's October 7, 2019 decision adopting the CSEA's recommendation to terminate Father's child support obligation was sent to Mother's former Mistymorn Lane address; the notice was returned as undeliverable. The juvenile court adopted the magistrate's decision on October 7, 2019. Because Mother never received notice of the magistrate's October 7, 2019 decision and the juvenile court's October 7, 2019 judgment entry, she was unable to file objections to the magistrate's decision or appeal the juvenile court's judgment.

{¶ 37} Mother claims she notified the juvenile court of her 2014 change of address when she filed a motion in July 2016 that included a Face Sheet listing her Hopewell Road address. However, the record does not reveal a Face Sheet attached to or filed contemporaneously with the motion. Mother claims she once again notified the juvenile court of her change of address when she filed her motion for legal custody in September 2019 which included a Face Sheet listing her Hopewell Road address. While that motion was accompanied by a Title IV-D application, the record contains no Face Sheet attached

- 13 -

to or filed contemporaneously with the motion.[3]   A Title IV-D application lists the address of a person requesting child support services from a child support enforcement agency. The child support enforcement agency and the juvenile court are separate and independent entities.  Although the Title IV-D application may serve to provide notice of a change of address to the child support enforcement agency administering the child support order, it does not provide such notice to the court having jurisdiction over the child support order.

{¶ 38} It is well established that a party bears the burden of formally notifying and keeping the trial court informed of any change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed.  *State ex rel. Halder v. Fuerst*, 118 Ohio St.3d 142, 2008-Ohio-1968, ¶ 6.  "'Given that informing the trial court of a new address is relatively simple, it follows that the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court."  *Id.*, quoting *Nalbach v. Cacioppo*, 11th Dist. Trumbull No. 2001-T-0062, 2002 Ohio App. LEXIS 83, *16 (Jan. 11, 2002).

{¶ 39} The juvenile court's Loc.R. JR 18(G) provides that all notices of intent to relocate must be filed together with a fee, using the form set forth in Appendix E of the rules. If relocating outside Butler County, the notice "must be filed at least sixty (60) days in advance of the move."   There is no evidence in the record that Mother filed a notice of intent to relocate with the juvenile court when she moved to her Hopewell Road address.

{¶ 40} The juvenile court's Loc.R. JR 15(D) requires that motions be filed together with a fully completed Face Sheet.  A completed Face Sheet provides the address of all persons who may seek, have, or claim custody of a child subject of the motion.  The juvenile

---

3. Mother attached to her brief a copy of the Face Sheet she claims accompanied her September 17, 2019 motion for legal custody.  Although this Face Sheet lists L.M.'s address on Hopewell Road, the space for Mother's address is left blank.

court's local rules do not state the purpose of Face Sheets. Rather, the juvenile court's Loc.R. JR 15(D) simply provides that a petition or similar pleading "filed without a completed face sheet may be declined for filing or may be summarily dismissed by the court." The fact that a fully completed Face Sheet provides the name, address, and other personal identifying information of those involved in a litigation suggests that its purpose is to notify the juvenile court of this information. Nonetheless, the filing of a completed Face Sheet does not constitute a formal notice of a change of address under the juvenile court's local rules and we decline to so find. Mother's assertion, which is not supported by the record, that she notified the juvenile court of her Hopewell Road address by simply attaching a Face Sheet to a motion is akin to charging the court and clerk to peruse the record, thereby shifting Mother's burden, and is not well taken.

{¶ 41} As grounds for her motion for relief, Mother asserts that any failure to provide her Hopewell Road address "is mistake, inadvertence or excusable neglect" under Civ.R. 60(B)(1). A determination of excusable neglect turns on the facts and circumstances presented in each case. *Colley v. Bazell*, 64 Ohio St.2d 243, 248 (1980). "While unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable." *Natl. City Bank v. Kessler*, 10th Dist. Franklin No. 03AP-312, 2003-Ohio-6938, ¶ 14.

{¶ 42} Mother does not explain how her failure to notify the CSEA and juvenile court of her change of address constitutes mistake, inadvertence, or excusable neglect under Civ.R. 60(B)(1). Mother's failure to receive notice of the CSEA's recommendation or the juvenile court's October 7, 2019 judgment was due to her failure to formally inform the CSEA and court of her change of address, and no unusual or special circumstances support a finding of mistake, inadvertence, or excusable neglect. *See Rose Chevrolet, Inc. v. Adams*, 12th Dist. Butler No. CA86-07-103, 1987 Ohio App. LEXIS 5868 (Feb. 17, 1987); *Herron*

*v. Wiesmore*, 10th Dist. Franklin No. 93AP-303, 1993 Ohio App. LEXIS 3427 (June 30, 1993). The CSEA and juvenile court both sent their notice to the former Mistymorn Lane address, Mother's last known address. Mother received proper service of the notices and her due process rights were not violated. *See Robb v. Smallwood*, 165 Ohio App.3d 385, 2005-Ohio-5863 (4th Dist.); *Nalbach*, 2002 Ohio App. LEXIS 83; *In re S.J.R.*, 11th Dist. Lake No. 2014-L-012, 2014-Ohio-5775.

{¶ 43} In light of the foregoing, the juvenile court did not err in denying Mother's Civ.R. 60(B)(1) motion.

{¶ 44} Mother further argues the juvenile court erred in denying her Civ.R. 60(B) motion because the juvenile court's March 12, 2020 judgment entry sua sponte finding that the Agreement was void is newly discovered evidence under Civ.R. 60(B)(2).

{¶ 45} Pursuant to Civ.R. 60(B)(2), a court may grant relief from judgment on the grounds of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B)[.]" The moving party bears the burden to show (1) that the evidence was discovered subsequent to the trial; (2) that the movant exercised due diligence; and (3) that the evidence is material, not merely impeaching or cumulative, and that a new trial would probably produce a different result. *Star Bank, N.A. v. Sparks*, 12th Dist. Warren No. CA93-08-065, 1994 Ohio App. LEXIS 848, *8-9 (Mar. 7, 1994).

{¶ 46} Mother asserts that the juvenile court relied upon the Agreement to terminate Father's child support obligation in its October 2019 judgment, subsequently sua sponte found that the Agreement was void in its March 12, 2020 judgment, and that "such circumstances might be described as newly discovered evidence." Mother further asserts that the juvenile court's sua sponte ruling came as a surprise to both parties.

{¶ 47} The CSEA's 2019 recommendation and the October 7, 2019 magistrate's

decision and juvenile court's judgment entry terminating Father's child support obligation do not reflect that it was based upon the Agreement. Rather, the termination of child support was based upon L.M.'s 18th birthday after Mother failed to respond to a CSEA "request for further information regarding said child's emancipation" and request an administrative hearing. While the magistrate sua sponte ruled that the Agreement was void, it was not a complete surprise. A brief colloquy between Mother's counsel and the magistrate during the hearing on Mother's legal custody and contempt motions shows the magistrate's ambivalence regarding the validity of the Agreement and the fact that the parties and the magistrate "discussed that prior to getting on the record." Mother did not appeal the juvenile court's March 12, 2020 judgment entry finding that the Agreement was void. Through her Civ.R. 60 motion, Mother is seeking to do indirectly that which she can no longer do directly, that is, a chance for review. However, Civ.R. 60(B) cannot be used as a substitute for a direct and timely appeal. *Bank of New York v. Blanton*, 12th Dist. Clermont No. CA2011-3-019, 2012-Ohio-1597, ¶ 18.

{¶ 48} As stated above, "newly discovered evidence" refers to evidence that, although in existence at the time of an administrative hearing, was incapable of discovery by due diligence. *Lewis v. Classic Auto Body*, 8th Dist. Cuyahoga No. 97339, 2012-Ohio-1201, ¶ 21. Mother essentially asserts that the March 12, 2020 judgment is newly discovered evidence because it is inconsistent with the October 7, 2019 judgment that terminated Father's child support obligation based upon the Agreement. Although Mother's discovery of the October 2019 judgment may be a fact of which she was not previously aware, it is not "evidence," newly discovered or otherwise. The March 12, 2020 judgment entry is a matter that postdated the proceedings from which the October 7, 2019 judgment entry arose and is not newly discovered evidence. The juvenile court did not err in denying Mother's Civ.R. 60(B)(2) motion.

{¶ **49**} Mother's first and second assignments of error are overruled.

{¶ **50**} Judgment affirmed.

PIPER, P.J., and S. POWELL, J., concur.