OPINION
{¶ 1} James M. Cline appeals from the trial court's decision and entry denying his pro se "Petition for Post Judicial Relief" under Civ.R. 60(B).
 {¶ 2} In his July 30, 2003, petition, Cline sought relief from the trial court's May 9, 2001, stalking civil protection order ("CPO") against him. The trial court denied relief, finding that Cline's petition was untimely under Civ.R. 60(B) and that his claims also failed on the merits.
 {¶ 3} Cline advances six assignments of error on appeal. First, he contends the CPO violates his constitutional right to travel. Second, he claims the CPO interferes with his right to obtain a job because potential employers may discover its existence and not hire him. Third, he asserts that a magistrate prejudiced his rights during the CPO hearing by allowing the complainant to commit perjury through inconsistent answers. Fourth, he insists that the CPO should be terminated because he is in prison. Fifth, he contends the magistrate improperly accused him of violating R.C. § 2903.211. Sixth, he claims the trial court in a related criminal case improperly denied his motion for a transcript of his CPO hearing.
 {¶ 4} Upon review, we find no error in the trial court's denial of relief under Civ.R. 60(B), which provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." In order for a motion to be timely under Civ.R. 60(B), a movant must file it within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment at issue. GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146.
 {¶ 5} In the present case, Cline could have raised his first, second, third, and fifth arguments in a direct appeal from the trial court's issuance of the CPO. It is well settled that Civ.R. 60(B) may not be used as a substitute for a direct appeal. See, e.g., Doe v. Trumbull Cty. Children Services Bd. (1986),28 Ohio St.3d 128. Even if Cline's first, second, third, and fifth arguments could be raised under Civ.R. 60(B), we would find no error in the trial court's determination that his motion was untimely as to them. Those arguments would arise under Civ.R. 60(B)(4) or (5), which require relief to be sought within a "reasonable time." Given that the issues raised in Cline's first, second, third, and fifth arguments should have been apparent to him at the time of the trial court's ruling, it was not reasonable for him to wait more than two years to seek relief under Civ.R. 60(B).
 {¶ 6} Cline's sixth argument concerns a related criminal case in which the trial court allegedly denied him a transcript of his CPO hearing. This claim could have been raised in a direct appeal from his conviction in that case, and it is not cognizable under Civ.R. 60(B). Finally, we find no merit in Cline's fourth argument, wherein he asserts that it is no longer equitable for the CPO to have prospective application. Given that he was convicted of multiple offenses after the issuance of the CPO and sentenced to a lengthy prison term, he reasons that the CPO no longer is necessary. We find this argument unpersuasive for at least two reasons. First, Cline's brief indicates that he was convicted around January, 2002. He did not move for relief under Civ.R. 60(B) until July 30, 2003. Therefore, the trial court did not abuse its discretion in finding that he failed to seek relief within a reasonable time. Second, the CPO prohibits Cline from, inter alia, harassing, annoying, or contacting the complainant. It also prohibits him from causing or encouraging others to do the same. Although Cline is incarcerated, it is not inequitable for these prohibitions to have prospective application. Accordingly, we overrule Cline's assignments of error and affirm the judgment of the Champaign County Common Pleas Court.
Judgment affirmed.
Grady, J., and Young, J., concur.