[Cite as *Household Realty v. Cipperley*, 2013-Ohio-4365.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| HOUSEHOLD REALTY CORP. | ) | CASE NO. 12 MA 113 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| NANCY CIPPERLEY | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from the County Court #2
                              of Mahoning County, Ohio
                              Case No. 09CVF0785

JUDGMENT:                     Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. James Oh
                               Atty. Mark C. Brncik
                               Atty. Steven Alsip
                               Javitch, Block & Rathbone, LLC
                               1100 Superior Avenue, 19th Floor
                               Cleveland, Ohio  44114-2521

For Defendant-Appellant:       Atty. Bruce M. Broyles
                               5815 Market Street, Suite 2
                               Boardman, Ohio  44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                               Dated:  September 24, 2013

WAITE, J.

**{¶1}** Appellant Nancy Cipperley appeals from the denial of her Civ.R. 60(B)(5) motion for relief from judgment after she failed to make payments on her personal line of credit obtained from Appellee Household Realty Corporation ("Household Realty"). Household Realty filed a complaint for the unpaid debt in the Mahoning County Court #2. Appellant failed to answer the complaint or make an appearance. The court awarded Household Realty default judgment. Household Realty later attempted to garnish Appellant's wages, but the garnishment order was denied because Appellant had entered into a consumer counseling program for the repayment of her debts, pursuant to R.C. 2716.03(B). Appellant then filed a motion for relief from judgment on the grounds that Household Realty may have violated R.C. 2716.03(B) by attempting to garnish her wages a second time after she had entered into a debt counseling agreement. The motion was denied.

**{¶2}** Appellant understands that there are three requirements for granting relief under Civ.R. 60(B)(5): there must be a meritorious defense to the underlying claim, there must be a valid reason for relief under subsection (B)(5), and the motion must be filed within a reasonable time. *GTE Automatic Electric, Inc. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). Appellant did not satisfy any of the three requirements. Her alleged defense relates to the garnishment process rather than the underlying judgment, and Ohio law does not allow a judgment debtor to relitigate the original judgment as part of the garnishment proceedings. She also waited two years to file the motion, which is an unreasonable period. Finally, she failed to show that the garnishment or debt counseling statutes entitle her to any type

of relief. The trial court was correct in denying the motion for relief from judgment, and the judgment is affirmed.

## Case History

**{¶3}** On November 9, 2004, Appellant entered into a credit agreement with Household Realty with a credit limit of $8,000. After Appellant failed to make payments on the line of credit, Household Realty filed a complaint for collection of a debt on July 13, 2009. Appellant failed to answer the complaint or otherwise make an appearance in the action, and default judgment was granted on September 15, 2009, in the amount of $11,837.69, with interest to accrue at the contract rate of 21.25%. No appeal was filed.

**{¶4}** Appellant subsequently entered into an agreement with GreenPath Debt Solutions, a debt counseling service, to arrange the repayment of her debts. When Household Realty attempted to garnish Appellant's wages on February 22, 2011, she challenged the garnishment on the grounds that she had a legal excuse to avoid garnishment of personal earnings. The matter was heard before a magistrate, and the garnishment order was denied on March 22, 2011, because Appellant was working with a debt counseling service. On November 10, 2011, Appellant filed a Civ.R. 60(B)(5) motion for relief from judgment of the September 15, 2009, default judgment on the grounds that Household Realty had violated the statute governing consumer debt counseling. The motion was heard before a magistrate and denied on February 8, 2012. Appellant filed objections, but her objections were overruled on

May 15, 2012, and the motion for relief from judgment was denied. Appellant then filed an appeal of the denial of her Civ.R. 60(B)(5) motion.

Law governing Civ.R. 60(B) motions for relief from judgment

{¶5} According to Civ.R. 60(B), a court may relieve a party or legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ.R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶6} Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served. *Colley v. Bazell*, 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980). A trial court's ruling on a Civ.R. 60(B) motion is reviewed only for abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987); *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). Abuse of discretion may be indicated by a ruling that is arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶7}** In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the appellant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable amount of time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc.*, *supra*, 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any of the three *GTE Automatic Electric* requirements are not met, the motion should be overruled. *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 153, 518 N.E.2d 1208 (1988).

**{¶8}** For cases arising from Civ.R. 60(B)(5), the motion must be filed within a reasonable time from the date of the judgment being challenged. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 106, 316 N.E.2d 469 (8th Dist.1974). In the absence of any justification for the delay in filing a Civ.R. 60(B) motion, the motion to vacate should be denied. *CitiMortgage, Inc. v. Fishel*, 7th Dist. No. 11 MA 97, 2012-Ohio-4117; *Dunn v. Marthers*, 9th Dist. No. 05CA008838, 2006-Ohio-4923. Delays as short as three or four months have been held to be unreasonable when no justifiable reason is given for the delay. *Mount Olive Baptist Church v. Pipkins Paints*, 64 Ohio App.2d 285, 413 N.E.2d 850 (8th Dist.1979) (four month delay was unreasonable); *Bolinger v. Lake County Sheriff's Dept.*, 11th Dist. No. 12-053, 1987 WL 18003 (Sept. 30, 1987) (three month delay was unreasonable). Whether the motion is filed in a

reasonable time depends on the facts and circumstances of the case. *LaSalle Bank Natl. Assn. v. Smith*, 7th Dist. No. 11 MA 85, 2012-Ohio-4040, ¶38.

**{¶9}** Civ.R. 60(B)(5) is considered a "catch-all provision," that "reflect[s] the inherent power of a court to relieve a person from the unjust operation of a judgment." *Caruso–Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. The grounds for invoking Civ.R. 60(B)(5) must be substantial, and this subsection cannot be used as a substitute for any of the more specific provisions of Civ.R. 60(B). *Id.* at paragraphs one and two of the syllabus. Civ.R. 60(B)(5) relief is to be granted only in unusual or extraordinary circumstances, and will not operate to relieve a party who "ignores its duty to take legal steps to protect its interest." *Mount Olive Baptist Church v. Pipkins Paints*, *supra,* 64 Ohio App.2d at 288.

## ASSIGNMENT OF ERROR

The trial court erred in denying the objections to Magistrate's Decision and adopting the Decision which denied the Appellant's motion for relief from judgment.

**{¶10}** Appellant asserts that she satisfied the requirements of *GTE Automatic Electric, Inc.*, and that the trial court should have granted her Civ.R. 60(B)(5) motion. Before proceeding with the arguments presented in Appellant's brief on appeal, we note that Appellant's counsel argued at oral argument that the trial court should have granted relief under Civ.R. 60(B)(4), even though this subsection was not invoked in her motion for relief from judgment. Appellant's counsel later conceded that any

argument regarding Civ.R. 60(B)(4) was waived and that the trial court was correct in denying the motion because it was filed under the wrong subsection. Civ.R. 60(B)(4) allows for relief from judgment when: "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Civ.R. 60(B)(5), on the other hand, is the generic catch-all provision for relief from judgment and cannot be used as a substitute for any of the more specific subsections of the rule. *Caruso–Ciresi, Inc.*, *supra*, at paragraph one of the syllabus. Despite counsel's concessions at oral argument, Appellant's motion for relief from judgment did raise at least one matter that is more properly resolved under Civ.R. 60(B)(5), *i.e.*, whether irregularities in garnishment proceedings may justify relief from judgment. Therefore, we will examine the arguments relating to Civ.R. 60(B)(5).

{¶11} Appellant first contends that she presented a meritorious defense to the judgment because she had a potential setoff to the judgment arising from Household Realty's misuse of the garnishment process. This argument does not present a meritorious defense to the underlying judgment, however. In fact, Appellant in no way at any time addresses the underlying judgment. This argument, instead, appears to be an attempt to reopen her underlying case in order to somehow "punish" Household Realty for some alleged post-judgment wrongdoing. That aside, garnishment is a statutory procedure used by a creditor to obtain the property of a debtor that is in the possession of a third party. We have recently held that:

The judgment debtor may not use garnishment proceedings to relitigate the underlying debt. *Rak–Ree Ents., Inc. v. Timmons*, 10th Dist. Nos. 10AP–476, 10AP–556, 2011-Ohio-1090, ¶16. The scope of a garnishment hearing is "limited to the *judgment debtor's claims of exemption or any defense to the garnishment.*" (Emphasis sic.) *Ashtabula Cty. Med. Ctr. v. Douglass*, 11th Dist. No. 1311, 1988 WL 59836, at *1 (June 3, 1988).

*E. Liverpool v. Buckeye Water Dist.*, 2012-Ohio-2821, 972 N.E.2d 1090, ¶34 (7th Dist.).

**{¶12}** Further, as discussed in the magistrate's decision, a claim for setoff is not a meritorious defense. Instead, it is in the nature of a counterclaim. *Baker Motors, Inc. v. Baker Motors Towing, Inc.*, 183 Ohio App.3d 223, 2009-Ohio-3294, 916 N.E.2d 853, ¶13 (8th Dist.). A setoff might act to reduce the amount of judgment, but does not challenge the integrity and validity of the judgment. Therefore, it cannot satisfy the Civ.R. 60(B) requirement that a defendant have a meritorious defense to the underlying claim. *Id.*

**{¶13}** Appellant also argues that Household Realty violated R.C. 2716.03(B) by filing repeated orders to garnish her wages, and that this violation acted to cancel some or all of the underlying debt. There is no basis to this line of reasoning. R.C. 2716.03(B) states:

(B) No proceeding in garnishment of personal earnings shall be brought against a judgment debtor for the collection of a debt that is the subject

of an agreement for debt scheduling between the judgment debtor and a budget and debt counseling service, unless any payment to be made by the judgment debtor, or by a budget and debt counseling service to the judgment creditor under the agreement for debt scheduling between the judgment debtor and the budget and debt counseling service, is due and unpaid for more than forty-five days after the date on which the payment became due, or unless the judgment creditor previously was notified by the service that the debt scheduling agreement between the judgment debtor and the service was terminated.

**{¶14}** There is nothing in R.C. 2716.03(B) to allow a debt to be cancelled if a creditor files a garnishment action in violation of the statute. Additionally, the record indicates that Appellant was not current with her payments under the debt counseling agreement between March of 2011 (when the trial court ruled that Appellant was a participant in a consumer debt counseling program) and November of 2011 (when she filed her Civ.R. 60(B) motion), because she made only one payment during that time period. R.C. 2716.03(B) allows the creditor to file for garnishment if debt payments are more than 45 days late under a debt counseling agreement. Nothing in R.C. 2716.03(B) prohibits a creditor from filing multiple garnishment actions if the debtor is delinquent in making payments under a debt counseling agreement.

**{¶15}** We note here that there is no second garnishment action reflected in the record. If there was a second garnishment, it was imperative for Appellant to

place evidence of that second garnishment action in the record so that proper appellate review could take place.

{¶16} As to the timeliness factor, we agree with the trial court that Appellant's Civ.R. 60(B) motion was untimely. Appellant's Civ.R. 60(B) motion sought relief under subsection (B)(5), which allows for relief for "any other reason justifying relief from the judgment." Under this subsection, the motion must be filed within a reasonable time. In the absence of any explanation or justification for the delay in filing a Civ.R. 60(B)(5) motion, the motion should be denied. *CitiMortgage, Inc. v. Fishel*, 7th Dist. No. 11 MA 97, 2012-Ohio-4117, ¶10. Delays as short as three or four months render a Civ.R. 60(B)(5) untimely. *Mount Olive Baptist Church* and *Bolinger, supra.* Appellant waited over two years to file her Civ.R. 60(B)(5) motion, and it was well within the trial court's discretion to treat a two-year delay in filing as unreasonable and untimely.

{¶17} Appellant explains that she delayed filing the motion because the facts supporting the motion did not arise until October of 2011, just a few weeks before she filed the motion. Those supposed facts deal with her belief that Household Realty violated the garnishment statutes by filing repeated garnishment notices against her. As already discussed, Household Realty's attempt to garnish Appellant's wages to pay the 2009 judgment does not in any way present a meritorious defense to the underlying judgment and does not support reopening the judgment. For this reason, these alleged facts cannot in any way be used to support an argument that the motion to vacate was timely filed, since these facts are completely irrelevant to the

issue: whether the original judgment is valid. Appellant has not alleged any facts that would explain why she did not answer or otherwise respond to the 2009 complaint. Thus, the Civ.R. 60(B)(5) motion challenging the 2009 judgment from that complaint, filed more than two years after the final judgment, was untimely. The Civ.R. 60(B) motion was properly denied.

{¶18} Because Appellant has failed all three requirements for relief from judgment under Civ.R. 60(B)(5) and *GTE Automatic Electric, Inc.*, the trial court properly denied Appellant's motion. For all the aforementioned reasons, Appellant's assignment of error is overruled.

## Conclusion

{¶19} Appellant filed a Civ.R. 60(B)(5) motion for relief from a money judgment arising from her failure to make payments on a line of credit. Appellant conceded at oral argument that any matters arising from Civ.R. 60(B)(4) were not raised in the trial court and are waived. The motion before the trial court argued that relief should be granted under Civ.R. 60(B)(5) because Household Realty misused the garnishment process in attempting to collect on its money judgment, in violation of the debt counseling statute. Appellant has failed to establish any of the three requirements of Civ.R. 60(B) relief under *GTE Automatic Electric, Inc.* Garnishment is a collection procedure and cannot be used to challenge the underlying judgment. Hence, it cannot form a basis for Civ.R. 60(B) relief. She has not established a meritorious defense, she has not shown that she is entitled to relief under Civ.R. 60(B)(5), and the motion was not filed within a reasonable amount of time. The

judgment of the trial court overruling Appellant's motion for relief from judgment was correct and is hereby affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.