[Cite as *State v. Cline*, 2025-Ohio-1080.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 2000 CR 00163 |
| | : | |
| JAMES M. CLINE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 28, 2025

. . . . . . . . . . .

JAMES M. CLINE, Pro Se Appellant

JANE A. NAPIER, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant James M. Cline appeals from a judgment of the Champaign County Common Pleas Court, which denied his "Motion for Relief from Judgment Pursuant to Civil Rule 60(B)." For the following reasons, the judgment of the trial court will be affirmed.

## I. Facts and Procedural History

{¶ 2} Cline was indicted in Champaign County on September 21, 2000, and May 17, 2001, with a total of 86 counts, including unauthorized use of a computer, menacing by stalking, conspiracy to commit aggravated arson, criminal mischief, intimidation of a crime witness, and telecommunications harassment. The case proceeded to a jury trial in 2002 at which Cline represented himself. The underlying facts presented at trial are not relevant to the current appeal but can be found in our earlier opinion, *State v. Cline*, 2003-Ohio-4712 (2d. Dist.). Ultimately, the jury convicted Cline on a total of 76 counts. Cline was sentenced to a total prison term of 67½ years. On direct appeal, we vacated one count of menacing by stalking due to insufficient evidence, and we reversed and remanded his other convictions for a new trial due to a failure to comply with Crim.R. 44(C)'s requirement of a written waiver of counsel prior to Cline's representing himself at trial. *Id.* at ¶ 12, 40. Following an appeal to and remand from the Ohio Supreme Court, we again reversed the 75 remaining convictions due to the lack of a valid waiver of Cline's right to counsel. *See State v. Cline*, 2004-Ohio-5701 (reversing our decision in *Cline*, 2003-Ohio-4712, on the authority of *State v. Martin*, 2004-Ohio-5471, which held that a trial court must substantially, but not literally, comply with Crim.R. 44(C)'s requirements for the waiver of counsel); *State v. Cline*, 2005-Ohio-5779 (2d Dist.) (holding that the trial court did not substantially comply with the Crim.R. 44 requirements for the waiver of counsel).

{¶ 3} Before Cline was retried, the State indicted him on an additional 255 counts of telecommunications harassment. A second jury trial was held in November 2006. Cline was found guilty of 4 counts of unauthorized use of a computer, 2 counts of

conspiracy to commit aggravated arson, a single count each of menacing by stalking, criminal mischief, and intimidation of a crime witness/victim, and 176 counts of telecommunications harassment. The trial court sentenced Cline to a prison term of 58½ years. Cline appealed the December 2006 judgment entry of conviction, alleging vindictive prosecution and asserting that his convictions and sentence were against the manifest weight of the evidence. On appeal, we affirmed his convictions and sentences on all counts, except that we vacated one count of conspiracy to commit arson, because the trial court had obviously intended for it to merge with another count. *State v. Cline*, 2008-Ohio-1866, ¶ 67 (2d Dist.).

{¶ 4} While Cline's appeal of the convictions from his second jury trial was pending, he filed a petition for postconviction relief pursuant to R.C. 2953.21. As grounds for relief, Cline alleged: (1) ineffective assistance of trial counsel for counsel's failure to raise certain issues and call certain witnesses; (2) vindictive prosecution for the prosecutor's decision to pursue additional charges following Cline's successful first appeal; and (3) abuse of discretion on the part of the trial court in imposing a disproportionate, excessive sentence. The State moved for summary judgment. On July 29, 2008, the trial court granted the State's motion for summary judgment, concluding that all of Cline's claims for relief either were raised or could have been raised on direct appeal and were therefore barred by res judicata. On appeal, we affirmed the trial court's judgment in part and reversed in part. *State v. Cline*, 2009-Ohio-7041 (2d Dist.). We concluded that the trial court's grant of summary judgment on Cline's claims of ineffective assistance of trial counsel for issues not raised on direct appeal was erroneous because they were not

barred by res judicata. Accordingly, we reversed the judgment as to the relevant ineffective assistance of counsel claims and remanded for the trial court to consider those claims. *Id.* at ¶ 25.

{¶ 5} On remand, the trial court again granted summary judgment to the State on Cline's petition for postconviction relief on May 18, 2010. Cline's appeal from that judgment was dismissed in October 2011 for lack of prosecution.

{¶ 6} On August 8, 2013, Cline filed in the trial court a pro se "Motion to Vacate Sentence and Judgment Due to Lack of Subject-Matter Jurisdiction and Lack of a Charging Instrument." Cline alleged in his motion that the indictments upon which his convictions were based had been fraudulent. The trial court overruled his motion, and Cline appealed. We affirmed the trial court's order, concluding that Cline's motion was an untimely petition for postconviction relief, was precluded by res judicata, and lacked merit. *State v. Cline*, 2014-Ohio-4503 (2d Dist.).

{¶ 7} On July 15, 2020, Cline filed a pro se subsequent petition for postconviction relief. In his petition, Cline complained of alleged errors in his indictment and in his sentencing. The trial court overruled Cline's untimely petition for lack of justification of his untimeliness and on grounds of res judicata. Cline did not file an appeal from this judgment.

{¶ 8} On October 1, 2021, Cline filed a Civ.R. 60(B)(5) motion. In that motion, Cline raised several issues regarding his purported invalid indictments, his sentencing, and an alleged invalid search warrant. The trial court overruled his motion. Although Cline appealed, we dismissed the appeal for lack of prosecution.

**{¶ 9}** On May 23, 2024, Cline filed a second Civ.R. 60(B) motion on the basis of Civ.R. 60(B)(4) and (5). Cline challenged the validity of his indictment and argued that his convictions were against the manifest weight of the evidence and not supported by sufficient evidence, his trial counsel was ineffective, and his sentence was unlawful. The trial court overruled Cline's second Civ.R. 60(B) motion because the untimely filing was not justified and res judicata prohibited Cline's arguments. Cline timely appealed.

## II. Assignments of Error

**{¶ 10}** Cline raises the following two assignments of error on appeal:

The trial court abused its discretion when it denied Defendant's Civil Rule 60(B) which argued the denial of his Post-Conviction motion after a clear showing that Defendant's rights to Due Process to the Fifth, Sixth, and Fourteenth Amendments, Constitution of the United States; Article I, Section 10, Constitution of the State of Ohio regarding ineffective Assistance of counsel claim.

The defendant was deprived his constitutional right to counsel as argued in his post-conviction, and his civil rule 60(B) when sufficient evidence was presented to the court that counsel was ineffective during his criminal trial which deprived defendant of his Due Process rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the constitution of the United States; and Article I, Section 10, of the constitution of Ohio.

**{¶ 11}** Because both of Cline's assignments of error argue that the trial court erred

in overruling his Civ.R. 60(B) motion, we will consider them together.

{¶ 12} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994), citing *GTE Automatic* at 151.

{¶ 13} Cline brought his Civ.R. 60(B) motion under Civ.R. 60(B)(4) and (5), which provide that a court may relieve a party from a final judgment, order or proceeding where:

(4) The judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) Any other reason justifying relief from the judgment.

{¶ 14} "In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion." *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152, 153 (1997), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988). An "abuse of discretion" has been defined as "an unreasonable, arbitrary, or

unconscionable use of discretion, or as a view or action that no conscientious judge could honestly have taken." *State v. Brady*, 2008-Ohio-4493, ¶ 23, citing *State v. Cunningham*, 2007-Ohio-1245, ¶ 25.

**{¶ 15}** The trial court found that Cline's motion failed for at least two reasons. First, Cline's motion was unjustifiably untimely. Second, Cline's motion was precluded by res judicata. We agree with the trial court.

**{¶ 16}** Motions brought under Civ.R. 60(B)(4) and (5) are not subject to the one-year filing limitation that applies to Civ.R. 60(B)(1), (2), and (3), but they must still be brought within a reasonable time. Civ.R. 60(B). Determining what a "reasonable time" is for filing a Civ.R. 60(B)(4) or (5) motion depends on the facts and circumstances of the case. The burden is on the movant to demonstrate that the motion was filed within a reasonable time. *Jackson v. Hendrickson*, 2008-Ohio-491, ¶ 29 (2d Dist.), citing *Tabor v. Tabor*, 2003-Ohio-1432, ¶ 19 (7th Dist.), citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103 (8th Dist. 1974).

**{¶ 17}** Cline's May 23, 2024 Civ.R. 60(B) motion stated that he sought relief from the court's July 29, 2008 and May 18, 2010 decisions that denied his petitions for postconviction relief. Assuming Cline could file a Civ.R. 60(B) motion with respect to these decisions,[1] Cline did not justify his untimeliness. Cline stated that his untimeliness was due to the fact that he "is not a lawyer, therefore, he could not possibly be aware of

---

[1] The issue of whether a criminal defendant may file a Civ.R. 60(B) motion from a trial court's judgment denying a petition for postconviction relief is currently before the Ohio Supreme Court. *State v. Hill*, 2024-Ohio-5529 (Table) (accepting appeal). Because Cline's motion was unjustifiably untimely and res judicata precluded the trial court from considering it, we need not consider the viability of his motion at this time.

how to draft a civil rule 60, nor have any comprehension of being expected to conform to every nuance of the procedures . . . ." Civ.R. 60(B) Motion (May 23, 2024), p. 1. Cline further claimed that when the trial court ruled against him in the May 18, 2010 decision, he "didn't know what to do." *Id.* at p. 11. We note that Cline filed an appeal of the May 18, 2010 decision, which we ultimately dismissed for failure to prosecute. Generally, ignorance of the law does not establish a reasonable justification for failing to comply with timeliness requirements. *See, e.g., State v. Reddick*, 72 Ohio St.3d 88, 91 (1995) ("Lack of effort or imagination, and ignorance of the law . . . do not automatically establish good cause for failure to seek timely relief" for an application for reopening); *State v. Singleton*, 2016-Ohio-611, ¶ 18-19 (2d Dist.) (ignorance of the law does not excuse untimely filing of a petition for postconviction relief); *State v. Harwell,* 2019-Ohio-643, ¶ 22 (2d Dist.) (ignorance of the law does not equate to being unavoidably prevented from filing a timely motion for a new trial). Moreover, contrary to Cline's contentions, " '*pro se* litigants are presumed to have knowledge of the law and legal procedures and . . . they are held to the same standard as litigants who are represented by counsel.' " *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Cline waited over 14 years after the trial court's May 18, 2010 decision and nearly 16 years after the trial court's July 29, 2008 decision to seek relief under Civ.R. 60(B). Furthermore, Cline's arguments are based on facts known to him at the time the trial court's decisions were rendered. Based on our review of the record, we cannot conclude that the trial court abused its discretion in finding that Cline's untimeliness was not reasonable and dismissing his motion on that basis.

{¶ 18} While untimeliness alone was sufficient to dismiss Cline's motion, the trial court also found that res judicata precluded the trial court from considering Cline's motion. "[R]es judicata prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion." *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.*, 2002-Ohio-5908, ¶ 16 (10th Dist.). Cline filed his second Civ.R. 60(B) motion on May 23, 2024, based on the same facts and grounds as his October 1, 2021 Civ.R. 60(B) motion. The trial court denied his first Civ.R. 60(B) motion, and Cline appealed; we dismissed the appeal for lack of prosecution. Because Cline's second Civ.R. 60(B) motion was based on the same grounds and either the same facts or facts that could have been raised in his first Civ.R. 60(B) motion, his second motion was barred by res judicata.

{¶ 19} Moreover, insofar as Cline asserts in his Civ.R. 60(B) motion that the trial court erred in dismissing his petition for postconviction relief, he should have raised that claim in a timely appeal from the May 18, 2010 judgment denying that petition rather than by way of a Civ.R. 60(B) motion. "It is well settled that Civ.R. 60(B) may not be used as a substitute for a direct appeal." *Risner v. Cline*, 2004-Ohio-3786, ¶ 5 (2d Dist.). Accordingly, the trial court did not err in denying Cline's motion on the basis of res judicata.

{¶ 20} Because Cline's motion was unreasonably untimely and res judicata precluded its consideration, the trial court did not abuse its discretion in denying Cline's Civ.R. 60(B) motion. Cline's two assignments of error are overruled.

### III.   Conclusion

{¶ 21} Having overruled both assignments of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.