[Cite as *Simpson v. Simpson*, 2025-Ohio-5743.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tiffani A. Simpson, | : | |
| Plaintiff-Appellee, | : | No. 25AP-432 |
| | | (C.P.C. No. 17DR-3683) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Corey L. Simpson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2025

**On brief:** *Trolinger Law Offices, LLC*, and *Christopher Trolinger*, for appellee. **Argued:** *Christopher Trolinger*.

**On brief:** *Corey L. Simpson*, pro se. **Argued:** *Corey L. Simpson*.

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

LELAND, J.

{¶ 1} Defendant-appellant Corey L. Simpson challenges the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his Civ.R. 60(B) motion for relief from a final judgment.

## I. Facts and Procedural History

{¶ 2} On January 11, 2018, the trial court entered a divorce decree, terminating the marriage of plaintiff-appellee Tiffani A. Simpson and appellant. The couple has one minor child, C.S., that was born during and as issue of the marriage. The court's January 11, 2018 divorce decree designated appellee the sole residential parent and legal custodian of C.S., subject to appellant's parenting time. Neither party filed an appeal from the divorce decree.

{¶ 3}  On February 3, 2025, appellant filed a Civ.R. 60(B) motion for relief from judgment, seeking to vacate the court's January 11, 2018 divorce decree.  On February 24, 2025, appellee filed both a memorandum contra appellant's Civ.R. 60(B) motion and a request for attorney fees. On March 3, 2025, appellant filed a reply and response to appellee's memorandum contra, and a brief in support of his Civ.R. 60(B) motion.  On April 9, 2025, appellee filed a motion for attorney fees pursuant to R.C. 2323.51 and 3105.73(B). The court held a hearing on appellant's Civ.R. 60(B) motion on May 1, 2025. On May 7, 2025, the court entered its judgment entry dismissing appellant's Civ.R. 60(B) motion with prejudice and awarding appellee attorney fees in the amount of $1,035 as reimbursement for her counsel's fees to defend against the Civ.R. 60(B) motion.  The court dismissed appellant's Civ.R. 60(B) motion for two reasons: (1) it "failed to articulate with specificity and particularity and did not present operative facts to allow [the court] to determine if there is a meritorious claim to present if relief is granted"; and (2) the motion was not timely filed.  (May 7, 2025 Decision at 2.)

{¶ 4}  Appellant filed a timely notice of appeal from the May 7, 2025 judgment entry.

## II. Assignments of Error

{¶ 5}  Appellant assigns the following five errors for our review:

> [I.] The trial court abused its discretion by dismissing Appellant's Civ.R. 60(B)(5) motion as time-barred under Civ.R. 60(B)(1) and (3), despite the motion being expressly filed under Civ.R. 60(B)(5), which has no one-year limitation.
>
> [II.] The trial court erred in finding Appellant failed to present a meritorious claim or operative facts, where the record contained extensive exhibits, sworn statements, and newly discovered evidence proving the January 11, 2018 custody judgment was obtained through misrepresentation and coercion.
>
> [III.] The trial court violated Appellant's due process rights by refusing to review his submitted exhibits, interrupting him mid-presentation, sustaining objections without consideration, and dismissing the motion without meaningful analysis of the evidence.
>
> [IV.] The trial court erred in granting Appellee's Motion for Attorney Fees, awarding $1,035 without supporting

documentation, evidentiary hearing, or statutory basis, while simultaneously labeling Appellant's motion "frivolous."

[V.] The trial court demonstrated judicial bias and hostility toward Appellant at the May 1, 2025 hearing, including mocking his use of the word "fraud," prompting opposing counsel's objections, and prejudging the merits of his motion, thereby violating the requirement of judicial impartiality and Appellant's constitutional right to due process.

## III. Discussion

{¶ 6}   In the first assignment of error, appellant contends the trial court erred in dismissing his Civ.R. 60(B) motion as untimely because Civ.R. 60(B)(5) is not subject to the one-year time limit. The court, however, did not purport to dismiss his Civ.R. 60(B)(5) motion due to the one-year time limit.  Instead, the court explained the Civ.R. 60(B)(3) portion of his motion was barred by the one-year time limit, whereas the Civ.R. 60(B)(5) portion of his motion was barred because the delay of seven years between the divorce decree and the filing of his motion was not a "reasonable time."  Civ.R. 60(B).  "Motions brought under Civ.R. 60(B)(4) and (5) are not subject to the one-year filing limitation that applies to Civ.R. 60(B)(1), (2), and (3), but they must still be brought within a reasonable time."  *State v. Cline*, 2025-Ohio-1080, ¶ 16 (2d Dist.).  The movant bears the burden of demonstrating the motion was filed within a reasonable time.  *Id.*  "In the absence of any explanation or justification for the delay in filing a Civ.R. 60(B)(5) motion, the motion should be denied." *Household Realty Corp. v. Cipperley*, 2013-Ohio-4365, ¶ 16 (7th Dist.). We review a trial court's dismissal of a Civ.R. 60(B) motion for an abuse of discretion. *State ex rel. Russo v. Deters*, 1997-Ohio-351.  A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 7}   Here, appellant's Civ.R. 60(B) motion does not attempt to explain or justify the seven-year delay in filing.  Without any explanation for the delay, we agree with the trial court's analysis that a seven-year filing delay was not "made within a reasonable time." Civ.R. 60(B); *see Farley v. Old Dominion Freight Line, Inc.*, 2022-Ohio-3799, ¶ 17 (10th Dist.) (finding nine-month delay prior to the institution of a COVID-19 tolling order to be unreasonable); *Cipperley* at ¶ 16 (determining a trial court retains discretion to treat a two-year delay as "unreasonable and untimely"); *Michael v. Miller*, 2022-Ohio-1493, ¶ 15 (8th

Dist.) (concluding a three-year delay is not a reasonable time under Civ.R. 60(B)(5)). The trial court did not abuse its discretion in finding appellant's seven-year filing delay to be unreasonable. Accordingly, we overrule the first assignment of error.

{¶ 8} In the second assignment of error, appellant argues the trial court erred in its conclusion that his Civ.R. 60(B) motion lacked the operative facts necessary to determine whether he presented a meritorious claim. Our decision to overrule the first assignment of error, however, renders appellant's Civ.R. 60(B) motion correctly dismissed for being untimely. Even if appellant is correct here, and the court hypothetically erred under the second assignment of error, the Civ.R. 60(B) motion was nevertheless properly dismissed as untimely. As a result, the second assignment of error is no longer a live issue. "[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court." *State v. Gideon*, 2020-Ohio-6961, ¶ 26. Accordingly, we find the second assignment of error to be moot.

{¶ 9} In the third assignment of error, appellant asserts the trial court violated his due process rights at the May 1, 2025 hearing, alleging the court refused to review his submitted exhibits, interrupted him mid-presentation, sustained objections without consideration, and dismissed the motion without meaningful analysis of the evidence. Close inspection of the transcript of the May 1, 2025 hearing, however, undermines appellant's claims. Appellant falsely claims he submitted exhibits. Though appellant initially sought to offer exhibits at the hearing, he conceded he had "nothing further to argue" and never provided exhibits after the court informed him that evidence from 2018 was "outside the scope" of the Civ.R. 60(B) motion. (May 1, 2025 Tr. at 10.) Appellant also complains the court interrupted him mid-presentation, but review of the transcript reveals any interruptions were seemingly intended to clarify the topic of discussion. Appellant was not denied the opportunity to speak and make his case. Finally, appellant accuses the court of sustaining objections and dismissing his Civ.R. 60(B) motion without meaningful consideration or analysis. The court, in reality, never sustained an objection in the May 1, 2025 hearing. Rather, the court dismissed appellant's Civ.R. 60(B) motion and granted appellee's motion for attorney fees, explaining the motion was untimely filed and frivolous. The written entry of dismissal filed May 7, 2025, detailed the court's rationale for

dismissing appellant's motion. Finding no error or violation of appellant's due process rights, we accordingly overrule the third assignment of error.

{¶ 10} In the fourth assignment of error, appellant maintains the trial court erred in granting appellee's motion for attorney fees despite the lack of supporting evidence. Appellant is incorrect to allege the motion for attorney fees lacked evidentiary support. Appellee filed her February 24, 2025 memorandum contra with an attached timesheet itemizing her counsel's fees, indicating appellee paid a sum of $1,035 to defend against appellant's Civ.R. 60(B) motion. It was on the basis of this evidence the court granted appellee $1,035 in attorney fees. Accordingly, we overrule the fourth assignment of error.

{¶ 11} In the fifth assignment of error, appellant accuses the trial court of judicial bias during the May 1, 2025 hearing, thereby violating his due process rights. Specifically, appellant claims the trial court (1) mocked his use of the term "fraud," (2) prompted opposing counsel's objection, (3) refused to review evidence, and (4) used a hostile tone. First, the court did not appear to mock appellant's understanding of fraud, but rather indicated he has not presented evidence sufficient to prove fraud. Second, the May 1, 2025 transcript shows the court did not prompt any objections. The quotation included in appellant's brief in support of this claim appears to be fabricated. Third, as previously explained, the court's explanation that evidence from 2018 is outside the scope of a Civ.R. 60(B) motion caused appellant to decline to enter any exhibits into the record. The court did not refuse to review evidence. Fourth, while a transcript may not fully convey the court's tone, nothing in the record indicates the presence of judicial bias in the present case. Accordingly, we overrule the fifth assignment of error.

## IV. Conclusion

{¶ 12} We overrule the first, third, fourth, and fifth assignments of error, and find the second assignment of error to be moot. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

EDELSTEIN and DINGUS, JJ., concur.

———————————