[Cite as *In re L.M.H.*, 2026-Ohio-2040.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| IN RE: | : | CASE NO. CA2025-07-061 |
| L.M.H. | : | |
| | : | OPINION AND JUDGMENT ENTRY 6/1/2026 |
| | : | |
| | : | |
| | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 24-D000083

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee Warren County Children Services.

Carol A. Garner, for appellee, mother.

Lauren L. Clouse, for appellant, father.

Andrew J. Brenner, guardian ad litem.

Marcelina C. Woods, for minor child.

- 2 -

## O P I N I O N

**M. POWELL, J.**

{¶ 1} Appellant ("Father") appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, denying his Civ.R. 60(B) motion to set aside a child-support order. Finding no error, we affirm.

### I. Factual and Procedural Background

{¶ 2} L.M.H. was born on February 18, 2008. In 2019, Father and his wife adopted her.[1] By the summer of 2024, L.M.H. was in a residential treatment facility, having been in and out of the hospital and suffering from years of serious behavioral, mental health, and delinquency problems. The parents were unwilling to have the child return home. In July 2024, Warren County Children Services ("the agency") filed a complaint alleging that L.M.H. was neglected and dependent, and the juvenile court placed her in the agency's temporary custody. In October 2024, the court adjudicated her dependent and continued her in agency custody.

{¶ 3} With L.M.H. in the agency's temporary custody, the question of support followed. As a general rule, when an agency has temporary custody of a child, the parents "must provide financial support for [the] child." *In re Day*, 2003-Ohio-3544, ¶ 27 (12th Dist.), citing R.C. 2151.36. The juvenile court "is authorized to examine" the parents' income and order them to pay for the child's care, maintenance, and other expenses. *Id*. Adoptive parents, however, are treated differently. R.C. 2151.361 "explicitly grants the trial court discretion on whether adoptive parents must pay child support." *Wood Cty.*

---

1. Father's wife is the child's adoptive mother, but she is not a party in this appeal.

*Dept. of Job & Family Serv. v. Pete F.*, 2005-Ohio-6006, ¶ 22 (6th Dist.); R.C. 2151.361(A). In exercising that discretion, the court must consider "all pertinent issues, including, but not limited to," eight factors enumerated in the statute. R.C. 2151.361(B).

{¶ 4} On November 1, 2024, the magistrate held an income-examination hearing on the question of child support. The parents appeared pro se. Although testimony referred to "foster" placement and to an adoption subsidy, neither parent told the magistrate explicitly that L.M.H. had been adopted. The magistrate found Father voluntarily unemployed or underemployed, imputed annual income and ordered him to pay monthly child support and cash medical support, together with arrears, and to bear all uncovered health-care expenses for the child. The magistrate's decision identified Father as the child's biological father.

{¶ 5} Father, still without counsel, timely objected on November 13, 2024. He contended that the decision conflicted with a Title IV-E Adoption Assistance Agreement, that his court-appointed attorney from the dependency case should have been present at the income hearing, and that he had not received a meaningful opportunity to be heard. Father then retained counsel, who filed supplemental objections challenging the imputation of income. Neither set of objections invoked R.C. 2151.361(B) or argued that Father's status as the adoptive parent of a child in agency custody called for a different analysis.

{¶ 6} On February 26, 2025, the juvenile court overruled Father's objections and adopted the magistrate's child-support decision. The entry expressly advised the parties of their right to appeal within 30 days. Father did not appeal.

{¶ 7} Father's counsel withdrew, and the juvenile court appointed new counsel

for him. On May 1, 2025, new counsel moved the court to issue a nunc pro tunc entry correcting the February 26 judgment, which had described Father as L.M.H.'s biological rather than adoptive father. The juvenile court granted the motion on May 9, 2025, restating its judgment with Father correctly identified as the adoptive parent but otherwise leaving its reasoning and disposition unchanged.

{¶ 8}   Two weeks later, on May 23, 2025, Father moved to vacate the child-support order under Civ.R. 60(B)(4) and (5). For the first time, he argued that the order was void because the court had failed to consider the factors in R.C. 2151.361(B) before imposing the support obligation on him as an adoptive parent. On May 27, 2025, in a ruling styled a "magistrate's order," the magistrate denied the motion, concluding that the juvenile court had subject-matter jurisdiction, that the asserted error rendered the order voidable rather than void, and that Father's remedy was a direct appeal from the February 26 judgment, which he had not taken.

{¶ 9}   Father filed what he labeled an "objection" to that ruling. The juvenile court treated the filing as a motion to set aside the magistrate's order under Juv.R. 40(D)(2)(b). On June 23, 2025, the court denied the motion, adopting the magistrate's reasoning.

{¶ 10}  Father appealed.

## II. Analysis

{¶ 11} Father assigns two errors to the juvenile court. The first contends that the court erred in denying his Civ.R. 60(B) motion to vacate the child-support order. The second contends that his two attorneys rendered ineffective assistance.

### A. The Magistrate's Improper Use of a "Magistrate's Order"

{¶ 12} Before turning to Father's assignments of error, we briefly address a

procedural irregularity in the juvenile court. On May 27, 2025, the magistrate denied Father's Civ.R. 60(B)(4) and (5) motion to vacate the February 26 child-support order. The magistrate styled the ruling as a "magistrate's order," and Father responded by filing what he titled an "objection." The juvenile court, construing the pleading "liberally" under Civ.R. 8(F), announced that it would "treat Father's objection as a motion to set aside the order of the Magistrate instead."

{¶ 13} This sequence was error, though ultimately harmless. Under the Rules of Juvenile Procedure, the labels "magistrate's order" and "magistrate's decision" are not interchangeable. Juv.R. 40(D)(2)(a)(i) restricts a "magistrate's order" to matters "necessary to regulate the proceedings" and expressly provides that such an order may "not [be] dispositive of a claim or defense of a party." A "magistrate's decision," by contrast, is the vehicle for resolving claims and defenses. Juv.R. 40(D)(3)(a). The distinction carries real procedural consequences: a "magistrate's order" must be challenged by a motion to set aside filed within 10 days, Juv.R. 40(D)(2)(b), whereas a "magistrate's decision" is subject to objections filed within 14 days and requires an independent review by the court before judgment may be entered, Juv.R. 40(D)(3)(b), (D)(4)(d).

{¶ 14} We have explained that "the designation of a magistrate's determination of an issue as a 'magistrate's order' or 'magistrate's decision' is not merely a matter of form, but rather one of substance." *In re K.L.F.*, 2021-Ohio-2290, ¶ 4, fn. 1 (12th Dist.); *accord In re L.D.M.*, 2021-Ohio-1853, ¶ 7, fn. 1 (12th Dist.). A ruling that "clearly dispose[s] of the parties' claim" should be designated a magistrate's decision. *Id*.

{¶ 15} Here, the magistrate's denial of Father's Civ.R. 60(B) motion plainly

disposed of a claim for relief from judgment—making it dispositive, not regulatory. The magistrate therefore should have issued a magistrate's decision, to which Father could have filed objections triggering the juvenile court's independent review under Juv.R. 40(D)(4)(d). Instead, the magistrate issued a "magistrate's order," and the juvenile court then recharacterized Father's "objection" as a Juv.R. 40(D)(2)(b) motion to set aside.

{¶ 16} Neither party has assigned this defect as error, and the juvenile court's June 23, 2025 entry reflects that it "again reviewed the matter" and found "no reason to set aside the Magistrate's Order." We therefore proceed to the merits. But we repeat an admonition we have issued more than once: the form is not optional, and magistrates and juvenile courts alike must adhere to the clear command of Juv.R. 40(D).

### B. Denial of the Civ.R. 60(B) Motion

{¶ 17} The first assignment of error alleges:

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE CHILD SUPPORT ORDER UNDER RULE 60(B)(4) AND (5).

{¶ 18} Father's first assignment of error challenges the juvenile court's denial of his Civ.R. 60(B) motion to vacate the child-support order.

### 1. A Civ.R. 60(B) Motion Is Not a Substitute for a Direct Appeal

{¶ 19} Father's motion fails on a threshold procedural ground: res judicata bars him from using Civ.R. 60(B) to litigate, for the first time, the argument that the magistrate failed to consider the factors in R.C. 2151.361(B).

{¶ 20} The Ohio Supreme Court has held that "a Civ.R. 60(B) motion cannot be used as a substitute for an appeal and . . . the doctrine of res judicata applies to such a motion." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 16. We have applied that rule

squarely, explaining that a litigant who fails to appeal a final judgment may not later "mount a collateral attack by virtue of his Civ.R. 60(B) motion" on grounds that were or could have been raised in the earlier proceedings. *Bowman v. Leisz*, 2014-Ohio-4763, ¶ 20 (12th Dist.).

{¶ 21} The juvenile court here adopted the magistrate's child-support decision on February 26, 2025, and that order expressly advised the parties of their right to appeal within 30 days. Father did not appeal. He instead waited nearly three months before filing a Civ.R. 60(B) motion arguing—for the first time—that the magistrate should have applied R.C. 2151.361(B) because L.M.H. is his adopted daughter. Father could have raised the argument in his November 13, 2024 initial objections, in his January 17, 2025 supplemental objections, or on direct appeal from the juvenile court's February 26, 2025 judgment. He did none of those things. Res judicata forecloses his attempt to do so now through Civ.R. 60(B). *Kuchta* at ¶ 16; *Bowman* at ¶ 20.

## 2. The Child-Support Order Was, at Most, Voidable

{¶ 22} Father seeks to surmount the res judicata bar by arguing that the juvenile court's asserted failure to apply R.C. 2151.361(B) rendered the child-support order "void." A void judgment may be attacked at any time, but a voidable judgment must be challenged on direct appeal. *Kuchta*, 2014-Ohio-4275, at ¶ 17.

{¶ 23} A judgment is void only when the entering court lacked subject-matter jurisdiction or personal jurisdiction. *Id.* at ¶ 17-19. "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." (Citation omitted.) *Id.* at ¶ 19. Statutory or procedural errors—even errors that would require reversal on direct appeal—

do not transform a judgment into a nullity.

{¶ 24} The juvenile court here indisputably had subject-matter jurisdiction over child support in the dependency proceeding. R.C. 2151.23; R.C. 2151.361(A). Father's contention is not that the court lacked the power to enter a support order but that it failed to consider the factors that should have guided its discretion in doing so. That is a claim of legal error "cognizable on appeal," *Kuchta* at ¶ 25. The order was at most voidable, and Civ.R. 60(B) is not a substitute for the timely appeal that Father did not file.

{¶ 25} The first assignment of error is overruled.

### C. Ineffective Assistance of Counsel

{¶ 26} The second assignment of error alleges:

> APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL CAUSING HIM TO BE PREJUDICED AND UNABLE TO ARGUE VALID LEGAL ARGUMENTS ENTITLING HIM TO THE RELIEF REQUESTED.

{¶ 27} In his second assignment of error, Father contends that his two attorneys rendered ineffective assistance by failing to raise the R.C. 2151.361(B) argument in the objections, by failing to file a timely direct appeal from the February 26, 2025 judgment, and by electing instead to pursue a Civ.R. 60(B) motion. He invokes the familiar two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984), and *State v. Bradley*, 42 Ohio St.3d 136 (1989), which requires a showing of deficient performance and prejudice.

### 1. The Claim Is Not Cognizable in This Appeal

{¶ 28} Father's ineffective-assistance claim is procedurally barred for the same reasons that doom his first assignment of error. The alleged ineffectiveness concerns conduct surrounding the November 1, 2024 hearing, the November 13, 2024 objections, the January 17, 2025 supplemental objections, and the failure to appeal the February 26,

2025 judgment. Any challenge to counsel's performance bearing on those earlier proceedings had to be raised on direct appeal from the February 26, 2025 judgment. Father's failure to appeal therefore forecloses the claim now, just as it forecloses his substantive R.C. 2151.361(B) argument. *See Kuchta*, 2014-Ohio-4275, at ¶ 16; *Bowman*, 2014-Ohio-4763, at ¶ 20 (12th Dist.). A Civ.R. 60(B) motion, and an appeal from its denial, cannot breathe life into an ineffective-assistance claim that could and should have been litigated through ordinary appellate channels. *Id.*

{¶ 29} Father's reliance on *State v. Cline*, 2025-Ohio-1080 (2d Dist.), is misplaced. *Cline* nowhere holds that ineffective-assistance claims may be pursued through a Civ.R. 60(B) motion. To the contrary, the court in *Cline* affirmed the denial of the motion because it was "unreasonably untimely and res judicata precluded its consideration." *Cline* at ¶ 20. Moreover, *Cline* is a criminal-postconviction case; the Sixth Amendment ineffective-assistance right has a constitutional foundation that does not extend to ordinary civil litigation.

### 2. Counsel's Conduct Is Imputed to Father

{¶ 30} Setting aside the procedural bar, Father's claim fails because this is a civil case. "A claim for ineffective assistance of counsel is not a proper ground on which to reverse the judgment of a lower court in a civil case that does not result in incarceration in its application when the attorney was employed by a civil litigant." *Brodbeck v. Brodbeck*, 2025-Ohio-980, ¶ 23 (5th Dist.), citing *Phillis v. Phillis*, 2005-Ohio-6200 (5th Dist.). Some courts also recognize the claim in civil permanent-custody appeals. *See id*. But this is not such an appeal.

{¶ 31} In civil proceedings "the neglect of a party's attorney will be imputed to the

party." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 153 (1976). The rule rests on the principle that a party "'voluntarily cho[o]se[s] [an] attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.'" *Id.* at 152, quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-634 (1962). The remedy for attorney neglect in a civil proceeding is ordinarily "a suit for malpractice." *Id.*, quoting *Link* at 634, fn. 10.

{¶ 32} Even assuming, then, that Father's prior counsel performed deficiently in failing to raise the R.C. 2151.361(B) argument or to file a timely appeal, that neglect is attributed to Father himself. He cannot use it to satisfy Civ.R. 60(B) or to restart the appellate clock on the February 26, 2025 judgment.

{¶ 33} The second assignment of error is overruled.

### III. Conclusion

{¶ 34} Having overruled both of Father's assignments of error, the juvenile court's judgment is affirmed.

BYRNE , P.J., and HENDRICKSON, J., concur.

- 11 -

# JUDGMENT ENTRY

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Matthew R. Byrne, Presiding Judge

/s/ Robert A. Hendrickson, Judge

/s/ Mike Powell, Judge